(Superior Court of Cincinnati.)
General Term.

## DAVIES WILSON et al. v. THE CITY OF CINCINNATI et al.

*Sewer assessments—Sufficiency of ordinance—Exemption from assessment—Proper remedy by property owner—Depth of lot to be assessed—Private claim against contractor not proper set-off to suit for assessment by city for his use—*

1. An ordinance "to improve by sewering in accordance with a resolution of council, adopted February 19, 1886," is of the same effect as though it contained the specific recitals as to the lots and lands to be assessed, which were contained in the resolution.

2. It is not necessary to establish an assessing district for the construction of a trunk sewer.

3. An abutting lot owner will not be heard to complain of a failure to assess all the abutting lots for a sewer improvement unless the assessment on his own lot was increased by such failure. His remedy would be to enjoin as a general tax payer, the levy of increased taxes due to such failure.

4. Exemption from sewer assessment can not be claimed on the ground that there was an existing sewer, unless such sewer had a proper outlet.

5. It is not necessary that council, at the time of ordering the assessment, fix the depth of the abutting lots.

6. The appropriation for a sewer of land belonging to an abutting property owner, does not afford ground for such property owner to resist the assessment.

7. Private claims against the contractor can not be set up by way of counter claim in a suit by the city for the use of the contractor to enforce the assessment.

8. A dedication, subsequent to the assessment, of a part of an abutting lot for street purposes, is not ground for a reduction of the assessment.

9. Where it is in contemplation, at the time of levying the assessment, to extend the sewer so as to give it a proper outlet, and such extension is made, the statute is satisfied as to an outlet.

---

JACKSON, J; Hunt and Smith, JJ., concur.

This action was brought July 18, 1887, by Davies Wilson and Mrs. M. C. Wilson, his wife, and a number of others, owning property abutting on the Mt. Hope road on Price Hill, and seeks to restrain the city of Cincinnati and B. D. Barton, the contractor, from enforcing an assessment against the property of any of the plaintiffs, which assessment was levied by an ordinance of June 29, 1887, to pay for the construction of a sewer on the Mt. Hope road. Upon the facts set forth in the petition, a preliminary restraining order was granted by the court below, on July 18, 1887, the day of filing the petition. Subsequently to the bringing of the action, all of the plaintiffs, except Davies Wilson and wife, have paid the assessments, and the action is now prosecuted only on behalf of Davies Wilson and wife.

The action is predicated upon the theory that the assessment attempted to be levied upon the abutting property for the construction of the sewer in question, is invalid, and several grounds are assigned for the invalidity of the assessment. The case has been twice heard, and is here by reservation upon all of the evidence adduced upon the last hearing. We will consider all the grounds assigned for the invalidity of the assessment in their order.

First. It is claimed that the ordinance providing for the construction of the sewer did not set forth specifically the lots and lands to be assessed, which, it is claimed, is required to be done by sec. 2264, Rev. Stat., Ohio. On the other hand, counsel for the defendants, contend that sec. 2264, which requires that the council shall specifically set forth the lots and lands to be assessed before the improvement is made, applies only to the surface improvement of streets and alleys, and that it has no application to the construction of sewers. Defendants cite a number of authorities which would seem to bear out this contention on their part. But we do not think it necessary to determine this question for the reason that the resolution adopted February 19, and approved February 24, 1886, declaring it necessary to make the improvement by constructing the

sewer in question, does set forth specifically the lots and lands to be assessed. The ordinance to improve, which was passed May 28, 1886, provided that the Mt. Hope road "be improved by sewering in accordance with a resolution of council, adopted February 19, 1886." We think it clear that by referring to the resolution in this way the recitals therein were made part of the ordinance as fully as if they had been specifically set forth in the ordinance itself.

We therefore think that this objection is not well taken.

Second. It is claimed by the plaintiffs, that the assessment is illegal, because a taxing district or assessment district was not established. But the assessment being shown to be for the construction of a trunk sewer, the objection is obviously met by sec. 2371, Rev. Stat., Ohio, which provides that "the council may, if in its opinion expedient, provide for the construction of main or trunk sewers without regard to districts."

Third. Plaintiffs contend that the assessment is illegal because all of the property abutting upon the sewer was not assessed. It is shown that property abutting about 2,200 feet from a point in the Mt. Hope road to Rolf's line, was not assessed. But the evidence shows unquestionably, that the assessment of $2.00 per foot, which was levied upon part of the abutting property, would have fallen far short of meeting the amount necessary to pay for the construction of this sewer, even if it had been levied upon all of the property abutting on said sewer. It can not therefore be claimed that the assessment upon plaintiff's property was in any wise increased by reason of the failure to assess all of the abutting property for this improvement. Plaintiffs not having been injured by any failure to assess all abutting property, can not complain of such failure. But it is claimed that their burden as general tax-payers was thereby increased. If this be so, the plaintiff's remedy is by an action to enjoin the levy of increased taxes caused by reason of such failure to assess. They can not be heard to complain in this action unless their burden as abutting lot owners was thereby increased, which it is admitted was not done.

Fourth. It is contended that property on the west side of the Mt. Hope road was already provided with local drainage for a length of about 1,000 feet, and therefore, that so much of the property abutting on this 1,000 feet of sewer must be relieved from the assessment. Sec. 2380, Rev. Stat., Ohio, is relied upon in support of this claim of exemption, and is as follows: "Nor shall any lots or lands be assessed that do not need local drainage, or which are then provided therewith." There is a conflict of evidence as to whether the old sewer which was constructed in 1878, is now sufficient to afford local drainage to the lot owners. But it is admitted that the old sewer begins and ends on private property; and therefore as it is subject to be closed

up at any time, and has in fact no proper outlet, we think that it does not satisfy the requirements of the statute, and plaintiffs can not claim exemption thereby.

Fifth. It is contended that the assessment is invalidated, because much of the property sought to be assessed was not laid out in lots, and because the council did not, at the time of the assessment, fix the depth of lots of plaintiff's lands to be assessed to the average depth of lots in the vicinity. But this objection was fully answered by this court, speaking through Judge Noyes, in the case of Strauss v. The City of Cincinnati, 24 W. L. B., 424, where the court says: "It is true, the depth of the lots is not given, but the law fixes the depth."

Sec. 2271, Rev. Stats., Ohio, provides that property can not be assessed for more than 25 per cent of its value ascertained to the usual depth of lots in the neighborhood. But it would be unreasonable to require the council, in advance, to ascertain and fix the depth of every piece of property to be assessed. As said by Judge Noyes in the case above cited, "the law fixes the depth."

Sixth. It is contended, that for a short distance, that is, from Stone street to the Bassett road, the sewer was not constructed in the Mt. Hope road, but was constructed on private property of Mrs. M. C. Wilson, and that so much of the abutting property should be relieved from the burden of the assessment. There is much conflict of evidence among the civil engineers called by plaintiffs and defendants as to whether the property in question does constitute a part of the Mt. Hope road. But it is not necessary for us to determine this question, for the reason that if it be conceded that the property did belong to Mrs. M. C. Wilson, and was not a part of the Mt. Hope road, still, as Mrs. Wilson lived in the immediate vicinity and knew, or should have known of the construction of this sewer on her property, she must be estopped from resisting the validity of the assessment for the sewer in this action. If she has any claim whatever, it must be one for damages against the city for the appropriation to its use of so much of her property, or the imposition of an additional servitude thereon. The precise question seems to have been decided by Judge Force, in the case of the city for the use of Gardner v. Perrin and Gaff, (reported March 14, 1874, in the Cincinnati Gazette), where it was held, that where the city had entered upon and appropriated a strip of ground and levied an assessment for the cost of making an improvement for the filling of West Eighth street, the owner having stood by and seen his property appropriated in this way, could not thereafter resist the assessment.

Seventh. It is contended, that the assessment of $2.00 per foot, exceeds 25 per cent. of the value of certain property on the west side of the Mt. Hope road. The value of the property must be taken as to the average depth of lots in the neighborhood. We think the evidence shows the average depths of lots in that neighborhood to be 120 feet, and that much of the property to this depth will not stand the assessment of $2.00 per foot. On this point there is much conflict of evidence. The plaintiff, Davies Wilson, fixes the value of the property higher than do the expert real estate men, called by the city. Each side insists that we should take the testimony of the other side on the question of value. From the evidence in the case we have decided to give the property the value fixed by Messrs. Burgoyne and Schmidt, the witnesses called on behalf of the city, and a decree may therefore be taken sustaining the assessment and limiting the amount of the recovery to one-fourth of the value of the different pieces of property as fixed by Messrs. Burgoyne and Schmidt.

Eighth. It is contended that the plaintiff, Davies Wilson, is entitled to a set-off of $116, for stone sold the contractor. But in the case of Mack v. City, for use of Moon, 1 W. L. B., 84, and in Strauss v. City, 23 W. L. B., 359, it was held that private claims against the contractor could not be set up by way of counter-claim or set-off when the city, for the use of the contractor. is seeking to enforce the assessment.

Ninth. The ninth and tenth objections to the validity of the assessment, viz., that since the bringing of this action the city had accepted the dedication for streets of certain property which was originally assessed for this sewer, and that the amount of assessment should be reduced accordingly; and that the assessment is invalid because the sewer originally terminated in Center street, and had no proper outlet, we regard as not being well taken. As to the first of these objections, it is sufficient to say, that no claim for personal judgment is asked against Davies Wilson or his wife, in this case. It is only sought to enforce the assessment against the property originally liable. We can not see how he can claim to be injured in this respect by this acceptance by the city of his dedication for street purposes. As to the second of these objections, it is sufficient to say, that while the sewer did originally terminate in Center street, it was within a year thereafter extended so as to terminate in the river, and thus was a proper outlet afforded. The ultimate extension of the sewer to the river seems to have been in contemplation at the time it was determined to construct the sewer in the Mt. Hope road. We think this satisfies the statute.

We are therefore of the opinion, that the assessment is valid, and that a decree should be taken sustaining the validity of the assessment and dissolving the injunction, but limiting the amount of the assessment to one-fourth of the value of the several pieces of property, as shown by the evidence of Messrs. Burgoyne and Schmidt.

J. J. Glidden, for plaintiffs.

Drausin Wulsin, contra.