STATE, JOHN JELLIFF, ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. By virtue of " An act relating to the improvement of streets and the construction of sewers in the cities of this state," passed March 27th, 1882, (*Pamph. L., p.* 190,) streets in the city of Newark may be repaved without consent or request of property-owners, and an assessment for benefits may be levied for such repaving, although the cost of the work may have been already raised by general tax.

2. In attempted pursuance of the act of March 27th, 1882, above mentioned, the tax ordinance of the city of Newark directed that $50,000 be raised by tax " for repaving of streets." *Held,* that after a street had been repaved under an ordinance of the city, which stated that property benefited would be assessed for such repavement, and which was duly published according to the city charter, property-owners could not defeat the assessment on the ground that the tax ordinance did not mention the particular streets to be repaved, and the sum to be spent on each.

3. The above act of March 27th, 1882, is a general law, although it applies only to cities.

4. The fact that a street has been once paved, and property benefited thereby has been assessed for the cost thereof, does not render invalid an assessment upon the same property for the repaving of the street with an improved pavement.

5. The direction in the act of March 27th, 1882, above mentioned, that the moneys realized from assessments for street improvements, which have been first paid for by general tax, shall be used in making other street improvements is constitutional, and does not invalidate the assessments.

6. The provisions in the above act of March 27th, 1882, that assessments. for improvements under it shall be levied and collected in conformity with existing laws in force in the city where the improvements were made are not unconstitutional as provisions of a special or local character embraced in a general law.

7. The judgment of the commissioners of assessments as to the area over which special benefits extend, and as to the amount of such benefits, will prevail, unless there be very convincing evidence against it.

8. If a general tax be levied in a city to raise money to pay for a street improvement, under a law which provides that lands specially benefited by the improvement shall be assessed therefor, the fact that part of that tax was levied on land will not relieve the land from assessment for special benefits.

———

This writ of *certiorari* and fifteen others are prosecuted to set aside assessments upon the lands of the prosecutors for the repaving of Broad street from Central avenue to the canal bridge, and from Market street to William street, in the city of Newark.

The prosecutors have assigned for reversal the following reasons :

*First.* Because it appears, from the report thereof, that the said assessment for said repaving was made in accordance with the provisions of the charter of the city of Newark, approved March 11th, 1857, and its supplements; that by said charter and its supplements the power of the common council of said city to repave streets exists only when more than one-half of the property-owners on the line of the street proposed to be repaved shall petition the common council of said city therefor, and assessments are authorized only when necessary to raise the moneys for the cost of said improvement; that no petition for said repaving, as required by the charter or sup-

plements, was ever presented to the common council of said city ; nor is said assessment made, as provided in said charter, for the purpose of raising moneys to pay the cost of said work, but the moneys expended in said improvement have been already raised by a general tax, and said improvement has been paid for in that way.

*Second.* Because the act of March 27th, 1882, entitled " An act relating to the improvement of streets and the construction of sewers in the cities of this state," under which it may be claimed that said assessment has been made, contains no specific authority to make assessments for repaving streets, except as the same may be provided for by existing laws in force in said cities ; and no law, general or special, in force in the city of Newark, at the time of the passage of said act, authorized assessments for improvements in cases where the moneys to be paid for the same have been already raised by general tax.

*Third.* Because if the act of 1882 is applicable, it authorizes assessments for repaving such streets only as are specifically designated in the annual tax ordinance of said city to be repaved, and in which tax ordinance the specific amount to be thus expended is to be designated, and no such tax ordinance has been passed by said city of Newark.

*Fourth.* Because said act of March 27th, 1882, if applicable, is unconstitutional, because a special law (which regulates, or attempts to regulate, the internal affairs of the city of Newark) in that it applies only to cities, and excludes from its operation other municipalities to which it might with equal propriety apply.

*Fifth.* Because Broad street, for a long time prior to the laying of said new pavement, was and had been a public highway of the city, and a cobble-stone pavement laid in said street, for the construction of which the owners of property fronting on said street had paid ; that at the time of laying the new pavement for which this assessment is attempted to be made, the said cobble-stone pavement was in good order and condition, and answered all purposes of ready access and

approach ; and that the repaving of said street, either with a new and different pavement, or by repairing the old one, was part of the general duty of the corporate authorities of the city of Newark, and may not be lawfully paid for by said assessment, nor can the legislature authorize such assessment for such purpose.

*Sixth.* Because said improvement is a general and not a local improvement, and was so regarded by the common council of said city, which provided for paying for the same by a general tax.

*Seventh.* Because the act of March 27th, 1882, entitled " An act relating to the improvement of streets and construction of sewers in the cities of this state," under which this assessment may be sought to be sustained, in whole or in part, is unconstitutional, in so far as it directs that the moneys derived from the assessment for special benefits shall be applied, not to pay for the improvement in respect of which such assessment is levied, but that such moneys shall be set aside to be used as a fund to pay for other similar improvements, by which the individuals called on to contribute to said fund may not be specially benefited ; and because the said act is in other respects unconstitutional and void.

*Eighth.* Because, if it can be considered that any special benefit can arise from such repaving, the said assessment has been imposed upon only a part of the property specially benefited, the only lands assessed being those which front on Broad street, while other lands situate near said improvement, or on streets crossing Broad street, are also specially benefited ; and also because the assessment of all property benefited would largely reduce the assessment upon the property of the prosecutors.

*Ninth.* Because the lands assessed in this proceeding have been twice assessed for the same improvement; the costs thereof having already been included in the tax levy of the city of Newark for the year 1882 ; under which the lands assessed have been charged with their due proportion, and it is now sought again to charge the lands with the cost of said

improvement in this proceeding; and because it does not appear from the report that the benefits assessed by said commissioners do not exceed the special benefits conferred by said improvement, taking into account the amount already assessed against the said lands, or the owners thereof, in respect to said lands in said general tax levy.

*Tenth.* Because the said assessments are excessive, being as great as could be lawfully laid on property assessed for the original pavement.

Argued at November Term, 1885, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutors, *Henry Young, F. W. Stevens, C. S. Titsworth* and *C. Parker.*

For the defendants, *Joseph Coult.*

The opinion of the court was delivered by

DIXON, J. The first reason presents no difficulty. The laws on which this assessment rests are the charter of Newark with its supplements, and " An act relating to the improvement of streets and the construction of sewers in the cities of this state," passed March 27th, 1882. *Pamph. L., p.* 190. Treating all these laws as valid, and construing them together, they provide (*Pamph. L.* 1882, *p.* 190, § 2,) that streets may be repaved without the request or consent of property-owners; (section 1) that the money needed for such improvements may be raised in advance by general tax, and (sections 5 and 6) that assessments for benefits derived from such improvements may be afterwards levied on the real estate benefited, in conformity with the provisions of existing laws in force in the city where the improvements are made. This, according to the first reason, is the procedure adopted in making the present improvement and assessment.

The second reason also is easily answered. It is not any law in force in Newark, prior to the act of March 27th, 1882,

which is relied on for authority to assess the cost of an improvement which has been already paid for out of funds raised by general tax. That authority is derived from the act of March 27th, 1882, itself. The pre-existing laws, the city charter and its supplements, are depended upon only for the method of assessment, which is required, by the act of 1882, to be in conformity with, that is, in the form prescribed by existing laws.

The third reason, I am inclined to think, points out a discrepancy between the provisions of the act of March 27th, 1882, and the tax ordinances under which the general taxes were levied to raise the funds used in making this improvement. The ordinances merely directed that a tax of $50,000 should be levied " for repaving of streets." The act (section 4) requires the tax ordinance to state specifically how much of the moneys to be raised shall be applied to each designated improvement, and directs that the amounts so set apart for a particular and specified improvement shall not be applied to any other use, nor exceeded in any year. Perhaps this law is satisfied if the ordinance indicates how much of the tax is to be used for improvement of streets, and how much for construction of sewers; but, notwithstanding the difficulty of ascertaining in advance what particular streets shall be improved, and what particular sewers shall be built, and just what the expenditure on each job shall be, the language of the act seems to me too plain and positive to yield to the argument " *ab inconvenienti*." But be this as it may, I think such a discrepancy does not impair the assessment for benefits. It occurred in the proceedings for levying the general tax, and may have affected its legality, but when that tax had brought in a fund for repaving streets, I think this act of 1882 would sanction the use of that fund for works of the designated character, and special assessments on account of the improvement thus resulting. Moreover, if this clause in the tax ordinance is to be regarded as a formal part of the proceedings for assessment, then I think the property-owners, by omitting to complain at an earlier stage, have waived the defect,

under the common rule, that when persons are notified that public moneys are about to be spent for their benefit, with a view of reimbursing the public treasury by assessment, they must take advantage of preliminary irregularities of procedure before the expenditure is made, or not at all. The ordinance for this improvement, published both before and after its passage, according to sections 29 and 30 of the city charter, (*Pamph. L.* 1857, *p.* 116,) gave the property-owners ample notice to this effect, and they made no complaint until the work was done.

The fourth reason is opposed to authoritative decisions, "An act respecting assessments for constructing sewers, or continuations of sewers, running through adjoining cities," (*Pamph. L.* 1878, *p.* 344,) applied to cities only, although its provisions might with propriety have been extended to other sorts of municipalities. Yet this court, in *Green* v. *Hotaling*, 15 *Vroom* 347, adjudged the act to be based on a proper classification, and therefore to be a general law and constitutional; and the Court of Errors affirmed the judgment for the reasons given in the Supreme Court, 17 *Vroom* 207. That statute and the present are not distinguishable with respect to the ground of invalidity now assigned.

Touching the fifth reason, it is plain that a pavement of oblong granite blocks renders a street more convenient and attractive than one of cobble-stones, and that the substitution of the former for the latter may confer a special benefit upon property accessible by that street, and no reason is perceived why, admitting the general doctrine of assessment for local improvements, the legislature may not, as it has done in this case, authorize a special assessment for that benefit. The fact that the same land had previously been specially benefited by laying the cobble-stones and had been assessed therefor, seems to me to afford no ground for doubting the power of the legislature to impose upon it now the burden of paying for the additional benefit accruing from the betterment made. Such is the doctrine of this court and apparently the current of deci-

sions elsewhere. *McKevitt* v. *Hoboken*, 16 *Vroom* 482; 2 *Dill. Mun. Corp.*, § 780, (619).

The sixth reason rests on a *non sequitur*. By paying for the improvement out of a fund raised by general tax, the common council simply followed the act of March 27th, 1882, and did not intimate that the repavement would result in no special benefit.

The seventh reason does not fairly present the plan of the act of 1882. That plan was, first, to raise money by general tax for improving streets and building sewers. These were undoubtedly municipal objects for which the city might levy a general tax. Second, to spend this money for the purposes designated. Third, to reimburse the city, so far as special benefits would warrant, by special assessments. This power is constantly exercised; for while the greater part of the expense of street improvements is met by money borrowed by the cities, some of it is, probably in every instance, advanced by the city, either in the original expenditure, or in payment of loans before the special assessment is levied. Fourth, to use the proceeds of reimbursement in making other street improvements. This last is the feature at which the objection is aimed, and yet it is manifest that if the city has met the cost of the first improvement before the assessment therefor is collected, the moneys realized from the assessment must be devoted to some object other than the improvement. Whether that object shall be indicated by the city itself, or by the legislature, is purely a matter of legislative discretion, at least so long as the object is within the due scope of local government. To adjudge this scheme invalid, and to hold that a special assessment can be levied and collected only while and so far as the expense of the improvement remains unpaid by the city, and that the proceeds of assessment cannot be used for any other municipal object, would be inconsistent with our whole course of legislation and decision on this topic hitherto.

Under this reason it is also urged that the provisions of the fifth and sixth sections of the act of March 27th, 1882, requiring assessments in each city to be levied and collected in

conformity with existing law in force in such city, are unconstitutional as provisions of a special or local character embraced in a general law. In accordance with the decision in *Campbell* v. *Board of Pharmacy*, 16 *Vroom* 241, 18 *Vroom* 347, this contention cannot prevail. As was there said, in regard to cognate clauses of the constitution, "an act which is complete and perfect in itself, the purpose, meaning and full scope of which are apparent on its face, is valid, notwithstanding these constitutional provisions, although it may provide for the means of carrying its provisions into effect by a reference to a course of procedure established by other acts of the legislature." Laws of a nature exactly like the present are instanced in that opinion as being valid enactments. If the phrases objected to were held invalid, the state of the law would remain unchanged, for the mere general direction that assessments for improvements under the act should be levied upon and collected from the property benefited, would be necessarily carried out in each city by the machinery, and in the mode there operative.

The eighth reason, in stating that lands off the line of Broad street are specially benefited, is not supported by the proofs. The area of special benefit is so largely a matter of opinion that the judgment of the commissioners on that subject must stand, unless very convincing evidence be adduced against it. *Hunt* v. *Rahway*, 10 *Vroom* 646, 11 *Vroom* 615. Such testimony does not appear in the case.

The ninth reason seems to be based upon the notion that the special benefit derived by land along the line of the improvement was partly paid for by that land through the general tax imposed under the tax ordinance. This is plainly an error. In relation to the general tax, this land stood in precisely the same attitude as land elsewhere in the city not at all peculiarly advantaged by the repavement. That burden would have remained legitimate even if the improvement had never been made. It constituted no part of the price payable for the special benefit caused by the actual making of the improvement.

The tenth reason, like the eighth, is not sustained by the evidence. The judgment of the commissioners is more satisfactory than the counter testimony.

Other objections presented in the briefs of counsel have been considered by the court, but are not deemed tenable, and, as they are not covered by the reasons filed, are passed over without specific mention.

The assessments should be affirmed.

The reasons assigned against the assessment for the repaving of Market street, between the Pennsylvania railroad depot and the court-house square, are the same as those above considered, and that assessment is also affirmed.