BREAKENRIDGE & TICHENOR, INCORPORATED, ET AL., PROSECUTORS, v. CITY OF NEWARK ET AL., RESPONDENTS.

Submitted March 18, 1920—Decided May 19, 1920.

1. Where an improvement made by a city was completed and its cost ascertained before the adoption of the act entitled "An act concerning municipalities" (*Pamph. L.* 1917, *p.* 319), commonly called the Home Rule act, it was not unlawful to assess for benefits under that act, and the exceptions in the repealing act (*Pamph. L.* 1917, *p.* 699) do not forbid such an assessment.

2. The Home Rule act provides that where a landowner, assessed for benefits resulting from a public improvement, is dissatisfied because the assessment is not just or fair, may appeal to the Court of Common Pleas, which is authorized to hear and determine the appeal, and to correct the assessment. In such case he should appeal to that court for relief before applying for a writ of *certiorari* to review the assessment for the same reason.

On *certiorari*.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutors, *Coult & Smith.*

For the respondents, *William J. Kearns.*

The opinion of the court was delivered by

BERGEN, J. The writ in this case challenges the legality of an assessment against divers landowners for benefits which

it is alleged they received from the construction in the city of Newark of a storm water drain or sewer designated in the proceedings as the "Vailsburgh Drainage System." The assessment was made by the board of commissioners of assessments for local improvements for the city of Newark, and confirmed by the governing body, the city board of commissioners, July 17th, 1919. The proceedings relating to the improvement were instituted in 1910, supplemented by additional ordinances, and the construction was completed, and the cost ascertained, before the adoption of the act entitled "An act concerning municipalities" (*Pamph. L.* 1917, *p.* 319), hereinafter referred to as the Home Rule act. The portion of the system called Sanford avenue drain was constructed as a part of a general scheme of drainage of storm water relating to the Vailsburgh system although under a later ordinance, but as one of the objections to the assessment is that its cost is included in it, this will be separately considered. After the cost of the entire system was ascertained the original statute, under which the principal improvement was instituted and completed, was repealed, and in making the assessment the method provided by the Home Rule act was followed.

The first objection to the assessment urged by the prosecutors is that it was not lawful to assess benefits in the manner provided by the Home Rule act because the improvement was commenced before that act was adopted, and that the assessment should be made under the statute in force when the work was commenced although it had been repealed (*Pamph. L.* 1917, *p.* 699) when the time for making the assessment had arrived, and a new method provided by the Home Rule act, because the repealer provides, "Nothing in this act contained shall affect any action, suit or proceeding instituted, pending and undetermined, or any matter undertaken by or on behalf of any municipality, and which was commenced before this act shall take effect. All such actions, suits, proceedings and matters commenced, instituted or undertaken before this act shall take effect shall be valid, binding and effectual, and shall be completed and brought to·

a conclusion in accordance with the laws of this state effective before this act shall take effect." Article 20 of the Home Rule act provides that whenever a municipality had, theretofore, undertaken a local improvement, it might be completed under that act "and an assessment for benefits or award of damages therefor may be imposed; provided, however, that before the commencement of such improvement, notice was given under a statute permitting an assessment for benefits, and a hearing accorded to persons interested; and provided, further, that no assessment may be levied hereunder on lands which could not have been assessed under the act under which the improvement was commenced, nor shall the assessment be greater than could have been levied under such act." *Pamph. L.* 1917, *p.* 396, § 52. Compliance with the conditions required by the proviso is not denied by the prosecutors, at least no such question is raised, but their objection is put upon the broad ground, that, notwithstanding the power thus given a municipality to make the assessment according to the Home Rule act, the laying of an assessment for an improvement commenced before that act became effective is required to be completed, including the assessment, according to the statute under which it was instituted, because of the claimed mandatory terms of the repealer of the act relating to assessments for benefits in force at that time. We are of opinion that the saving clause in the repealer that it shall not affect "any action, suit or proceeding pending and undetermined, or any matter undertaken by or on behalf of any municipality before this act shall take effect," should be limited to such matters as are necessary to complete legal proceedings then instituted, or the finishing of any improvement, for which the Home Rule act does not provide. It cannot have been the intention of the legislature, by a proviso in an act repealing a vast number of statutes, for which the Home Rule act was intended to be a substitute, to deprive that act of express powers granted, which include the completion of an improvement under way, and the making of an assessment for benefits derived therefrom.

The principal objection raised on this branch of the case is to the assessment, as to which we are of opinion that the exceptions in the repealer of "action, suit or proceeding instituted, or matter undertaken by or on behalf of any municipality, and which was commenced before this act shall take effect" does not apply to the making of an assessment, the proceedings for which were instituted after the adoption of the Home Rule act, for the assessment. is in effect a new proceeding. The last paragraph of section 2 of the repealer (*Pamph. L.* 1917, *p.* 718) is only applicable to the action and proceedings named in the first paragraph of the section. The conclusion we have reached is that the defendant was not in error in making the assessment under the provisions of the Home Rule act.

The next point is that the assessment was not legally affirmed. What the assessment commissioners did was to make their report to the governing body and it affirmed their action. This was a compliance with the Home Rule act, which we hold applies. It is argued that the governing body, by resolution, directed that the report of the assessment commissioners be presented to the Circuit Court of the county for confirmation, but a reference to the resolution shows that it will bear no such construction, for by it the report was approved and referred to the commissioners of assessment to the end that action might be taken thereon pursuant to the direction of the statute, "and that such further action, *if it may be necessary,* may be taken in compliance with the direction and command of the Circuit Court of the County of Essex as may be made in the premises." The matter complained of was nothing more than giving authority to the commissioners of assessment to make any necessary correction the court lawfully might direct. This cannot be construed to mean an official reference of the report to the Circuit Court. It is next urged that the owners of property not fronting on the drain, and not having a direct tapping benefit were assessed for benefits, but at a less rate than the property abutting the streets through which the sewer was laid, and it is argued that the class of persons not directly ad-

joining the sewer, and without present opportunity to connect should not be assessed. It is very difficult to tell from the evidence to what extent such landowners, not adjacent to the sewer, are benefited, or which of them may not be benefited, and the proofs afford us no aid. We think, however, that it may be inferred from the evidence that some of the lands belonging to the prosecutors, or some of them, is high land on which the water falls and runs to a lower level and then empties into the drain. It is argued by the prosecutors that these landowners have the right to have all surface water that falls on their land flow on the land belonging to a lower, topographical owner, who must take care of it, and therefore no benefits are derived from the drain by the owners of the higher lands. This argument extended to its limit would, of course, exclude from assessment any landowner along the street if his land was sufficiently elevated to cast the water on the highway to be carried on the surface to some nearby sewer. We are disposed to think it is not mere lack of tapping facilities that excludes a landowner from assessment for benefits where the public work is a surface water drain, because it may remove the water from his land more rapidly, and if his land is within the drainage area, it cannot be said that want of tapping facilities puts him beyond the pale of deriving any benefit from such a sewer or drain. Therefore, we do not think this assessment should be set aside for that reason. This is not a sanitary sewer to carry house refuse, in which case a different rule applies.

The next point is, that the assessment is unjust and unfair because the commissioners of assessment adopted an arbitrary rule in laying the assessments at substantially uniform rates. If this be true, it is a matter which the Court of Common Pleas may adjust on appeal to that court. Section 20, paragraph 42 (*Pamph. L., p.* 393), as amended in 1918 (*Pamph. L., p.* 486), prior to the assessment in this case, provides that any owner of property assessed under the provisions of the Home Rule act may appeal therefrom to the Court of Common Pleas of the county wherein the municipality is located, and "on such appeal said court shall make an order correcting

the same." We think that under this statute a landowner, if dissatisfied with the assessment because it is not just and fair, should first appeal to the Court of Common Pleas, which is given authority, and required to determine that question, before resorting to a writ of *certiorari* to review the assessment. The statute is not in terms mandatory, but where the legislature has provided a means of review which is inexpensive, and comprehensive and reasonably speedy, public policy requires that the landowner should invoke it before applying for the discretionary writ of *certiorari*. It is not precisely parallel but akin to the rule adopted in this state relating to controversies under the act concerning public schools and beneficial societies, and there not having been an appeal to the Court of Common Pleas in this case to have this question determined, we have not considered the fairness or justness of the assessment, because we think it prematurely presented to this court.

The only other question that requires consideration is that relating to the Sanford avenue system, the cost of which is included in the assessment. It is not denied that the actual work on this part of the system was commenced and completed after the Home Rule act was adopted. The record laid before us is not very satisfactory; many of the ordinances are not printed, and the briefs are not as helpful as they might be, as references are made to maps by numbers difficult to locate. The best result we can work out is, that in 1910 an ordinance was passed to widen and deepen a branch of Elizabeth river for a distance of three thousand feet in order to provide an outlet for a system of storm water sewers to be known as "Vailsburgh Drainage System, section 1, together with all the appurtenances necessary to complete the same." We cannot find any ordinance fixing the entire drainage area, but the city, by different ordinances, provided for the construction of storm water sewers, connecting with the trunk line, to drain different sections of the city, describing them as parts of the "Vailsburgh Drainage System," the last being the Sanford avenue drain. It seems to us that it must be conceded that the latter ordinance was the first affecting Sanford

avenue, and that proceedings relating to it were first instituted, and its construction completed, after the Home Rule act went into effect, and its construction and assessment for benefits subject to its provisions. It is argued that this drain, about three blocks in length, was constructed under an ordinance not passed according to the Home Rule act; we think this objection comes too late and should have been made before the work was completed. It is not denied that the prosecutors had notice that the drain was being built, and they cannot stand by and see the city spend its money without protest, and after the work is done take advantage of their laches in not challenging the proceeding until after completion. The only other question is the validity of the assessment made under the Home Rule act. This has already been disposed of as to improvements made before the act, and, as the Sanford avenue drain was constructed after that act was in force, manifestly, the assessment was governed by it. Whether the cost of the work under each ordinance ought to have been separately ascertained and assessments made on the property affected by each ordinance, instead of considering the improvement as one construction, was not raised or argued and no opinion is expressed on that question. Our conclusion is that the assessment should be affirmed, with costs.