ELEANOR B. ROBINSON, APPELLANT, v. THE BOROUGH OF EDGEWATER, RESPONDENT.

Submitted July 10, 1922—Decided November 20, 1922.

1. Upon the trial of a proceeding to condemn lands, a letter from the husband of the landowner to the governing body of the borough (who were seeking to purchase the land), setting out in detail the value of his wife's property, was properly excluded, as at most it was but a repetition of what was already in evidence as to value, and the letter could only be construed as an effort to compromise on the question of how much the borough should pay for the land.

2. Where alleged expert real estate witnesses had long engaged in that business in the borough where the land sought to be acquired by condemnation was situate, had resided near the *locus in quo* for many years, buying and selling real estate in and adjacent to the borough, and were familiar with land values in the locality, their testimony as experts was clearly admissible.

3. In a proceeding to condemn lands under the Home Rule act of 1917, the jury may not consider benefits accruing to the remaining lands by reason of the improvement for which the land is being acquired by the municipality. The function of the jury on appeal is the same as that of the commissioners in the first instance; that is, to ascertain the value of the lands taken and the damages resulting therefrom to the remaining lands.

4. The payment by a contractor, engaged in work on a public improvement, to a landowner of money for the privilege of dumping earth on her land, has no bearing upon the question of present damage to the land by a taking under the right of eminent domain.

On appeal from the Bergen County Circuit Court.

For the appellant, *Louis Ogust* and *John W. Harding.*

For the respondent, *Wendell J. Wright.*

The opinion of the court was delivered by

MINTURN, J. The borough condemned the lands of Eleanor B. Robinson under the provisions of the Home Rule act. *Pamph. L.* 1917, §§ 22, 23, and *Pamph. L.* 1921, *p.*

512. An appeal was taken from the award to the Bergen County Circuit Court, and from the judgment an appeal was taken by both parties to this court, as to one only of the parcels of three tracts of land involved. Procedural errors alone are urged as grounds for reversal. Mr. Robinson, plaintiff's husband, wrote a letter, prior to the condemnation proceedings, to the governing body of the borough, setting out in detail the value of his wife's property. This the trial court excluded, and we think properly. If it was intended as a self-serving declaration of value, it was non-evidential, and since the document was only a copy of the original letter offered in evidence, without any previous demand upon the borough to produce the original, it was clearly inadmissible. At most its contents were but a repetition as to value of what was already in evidence, and its rejection was therefore non-injurious. At best, it was an effort by the husband to compromise the question of value of the wife's land, at a time when the borough was seeking to purchase the same, and as such it was inadmissible. *Schuerle* v. *Husbands*, 65 N. J. L. 40.

Two alleged expert real estate witnesses testified for the borough as to value, and exception was taken to the trial court's admission of their testimony, upon the ground that they were not qualified as experts.

The testimony would indicate the contrary. Both had been residents and real estate agents in the borough, and in that locality, residing near the *locus,* for many years, buying and selling real estate near the borough and adjacent to the *locus in quo.* They were familiar with land value in the locality, and quite generally with public affairs therein. We think the discretion of the court in these circumstances was properly exercised in admitting their testimony. *Manda, Inc.,* v. *Delaware, Lackawanna and Western Railroad Co.,* 89 N. J. L. 327.

The court refused to charge a request that the jury should consider benefits accruing to the remaining lands by reason of the improvement. We think the refusal proper. The

court had charged that the jury should take into considera-
tion the damage done to the remaining lands by reason of
the improvement, and such has been the limitation of recov-
ery in this state in proceedings of this character, instituted
as they are solely as a basis for actual compensation, under
the sovereign power of eminent domain. *Clausen* v. *Ridge-
field*, 91 *N. J. L.* 238, 242.

The statutes upon the subject of land condemnation must
be read in the light of this fundamental conception. Section
23 of the act of 1917 (Home Rule act) deals entirely with
the subject of land condemnation, and, as amended by the
act of 1921, page 511, &c., governs this situation, and pro-
vides that, upon an appeal from an award, the court "shall
thereupon order a trial by jury to assess such damages anew."
The amendment of this section in 1921 uses the same lan-
guage, including the word "benefits." This inclusion of
this term in this connection is clearly without any cognate
relation to the context of the act itself, and is inconsistent
with the duties imposed by law upon the commissioners ap-
pointed to make an award in the first instance. Its use in
this connection, therefore, assumes the previous adjudica-
tion by the commissioners to have comprehended the same
subject-matter, while it becomes manifest, from an inspection
of the legislation, that the duty of the commissioners was
limited in accordance with the traditionary policy of the law,
to the consideration of the value of the lands taken and
damages resulting therefrom to the remaining lands. The
appeal given by statute is manifestly for the purpose of re-
viewing an award made upon the specific grounds considered
by the commissioners, and to admit to the consideration of
the appellate tribunal factors as to value which the lower
tribunal was debarred by statute from considering, would not
consist with the legal conception of an appeal or a review,
and would in essence constitute a trial *de novo*. It would
also indicate that what the legislature was conceding to an
appellant was not as the statute directs a trial "anew," but
an entirely different investigation, involving a new subject-

matter and new factors of damage, not cognizable by the tribunal of first instance. But it is also to be observed in this connection that the owner should be awarded the difference between the fair market value of the property immediately before the taking and the fair market value immediately after the taking; and this standard of comparison would seem to include any element of marketable value which could be legally cognizable as a factor in the computation of compensation, and the appellant could equitably ask no more under a legal conception, which is designed to concede to him simply *quid pro quo* for that which the public has taken. *Mangles* v. *Freeholders,* 55 *N. J. L.* 88.

The final subject of discussion presented by the exceptions was the refusal of the court to charge that the plaintiff-appellant was not entitled to damages arising from an overflow of filling, which the contractor deposited upon the plaintiff-appellant's land under an agreement which she made with him for that purpose prior to the making of the award of damages. The purpose was to show that Mrs. Robinson had received $600 from a contractor for the use of the *locus* as a dumping ground, and that the sum thus received should be applied in reduction of her damages. But, manifestly, the consideration she received as payment for a license to use her land can have no bearing upon the question as to the permanent damage to the *locus* by the taking, and that was the only question the court was concerned with. We think the ruling of the court in that respect was correct.

The judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal* — None.