MARGARET S. GRAHAM, PROSECUTOR, v. CITY OF OCEAN CITY, RESPONDENT.

Submitted December 7, 1922—Decided February 20, 1923.

1. After the repeal of chapter 240 of the laws of 1915 (*Pamph. L.,* p. 423), by chapter 208 of the laws of 1917 (*Pamph. L.,* p. 684), the procedure for the making of assessment for benefits for construction bulkheads along navigable water is contained in paragraphs 16, 17 and 18 of article 20 of the Home Rule act of 1917. *Pamph. L.,* p. 319.

2. When property owners, without objection, have permitted a city to expend money for a public improvement and assess benefits for said improvement, they have no standing, by reason of their laches, to object to the assessments made on the ground of the invalidity of the original ordinance.

3. If commissioners of assessment have applied the principle of apportioning the expense for a public improvement according to the benefits conferred by said improvement, the fact that the commissioners have paid regard to frontage will not invalidate the assessment.

4. Where an attack is made upon an assessment for unfairness only, dissatisfied owners must use the remedy provided in the Home Rule act of taking an appeal to the Court of Common Pleas before resorting to *certiorari*.

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Cole & Cole*.

For the respondent, *Andrew C. Boswell*.

The opinion of the court was delivered by

KATZENBACH, J. The writ of *certiorari* brings before this court for review the proceedings relative to the construction of a bulkhead at Ocean City upon the property of the prosecutors, the assessments of benefits for the improvement, and the proceedings relating to the passage of the ordinance by the board of commissioners of Ocean City under which the bulkhead was built.

The ordinance went into effect on September 11th, 1917. The improvement was completed on April 3d, 1920. The assessment for benefits was confirmed July 19th, 1920. The writ of *certiorari* was allowed February 15th, 1921.

The reasons advanced by the prosecutors for setting aside the. assessment will be considered in the order in which they are presented in the brief of counsel for the prosecutors.

The first reason advanced is that the assessment for benefits was made by the commissioners of assessment of Ocean City and not by the board of commissioners of Ocean City. In the development of this point counsel for the prosecutors refers to chapter 240 of the laws of 1915, as the authority for the making of the assessment by the board of commissioners.

This act was expressly repealed by chapter 208 of the laws of 1917. This repealing act took effect on February 1st, 1918. The procedure for the making of assessments for benefits, after the repeal of the 1915 act, was contained in sections 16, 17 and 18 of article 20 of the Home Rule act. *Pamph. L.* 1917, *p.* 319. This procedure was followed in this case and we think properly.

The second reason urged by the prosecutors is that the ordinance is repugnant to the act. The act counsel refers to is chapter 240 of the laws of 1915. As this act has been repealed it is useless to consider the argument of counsel for the prosecutor on this point.

The third ground of reversal argued is that the ordinance is invalid. The prosecutors have failed to show by any evidence that the ordinance was not regularly introduced, published and passed according to law. If they had produced such evidence they would not be entitled to take advantage thereof because of their laches. The testimony shows that the prosecutors knew of the passage of the ordinance. They knew of the building of the bulkhead by the city. They were quiescent until the work had been completed and the assessments made and confirmed. Some seven months after the confirmation of the assessments they took the first step to attack the proceedings under which the bulkhead was constructed by procuring the writ of *certiorari* for their review. In the case of *Durrell* v. *Mayor and Council of the City of Woodbury,* 74 *N. J. L.* 206, Mr. Justice Trenchard said: "Where a city has been permitted to go on and incur the expense of the improvement, without objection as to the validity of the improvement ordinance, and then proceed to assess the benefits, it is too late for a party thus assessed to object to the assessment on the ground of the invalidity of the original ordinance." This language is peculiarly applicable to the present case. The prosecutors are in no position to attack the ordinance because of their laches.

The fourth and last reason argued on behalf of the prosecutors is that the assessment is unfair and for that reason

contrary to law. The unfairness, according to the prosecutors' contention, is that the prosecutors were assessed so much per running foot without suggestion of benefits conferred and in disregard of the fill back of their lots and the lots of others. The report of the commissioners of assessment states that "We made a just and equitable assessment of the actual benefits conferred upon the lands and real estate by reason of such improvement, having due regards of the rights and interest of all persons concerned as well as the value of the land and real estate damaged or benefited, and which assessment is not in excess to the actual benefits conferred upon the lands." This report must be overcome by evidence. *Worth* v. *Town of Westfield,* 81 *N. J. L.* 301. We do not think that the testimony offered by the prosecutors overcomes the report of the commissioners. "The mere fact that in making the assessment the commissioners have paid considerable regard to frontage will not invalidate the assessment if they have been guided by the principle of apportioning the expense according to the benefits." *Kohler* v. *Guttenberg,* 38 *Id.* 419.

When an attack is made upon an assessment on the ground that it is unfair, the Home Rule act of 1917 provides a remedy by appeal to the Court of Common Pleas. This provision is contained in article 20, paragraph 42 (*Pamph. L.* 1917, *p.* 392), as amended in 1918. *Pamph. L., p.* 486. A dissatisfied landowner must use this method before resorting to a writ of *certiorari.* It is akin to the method adopted for the settlement of disputes in school boards and beneficial societies. *Breakenridge & Tichener, Inc., et al.,* v. *City of Newark,* 94 *N. J. L.* 361.

Our conclusion is that the assessment should be affirmed, with costs.