# NEW JERSEY MISCELLANEOUS REPORTS. 177

Supreme Court—Whitehead Bros. Co. v. South Amboy.

WHITEHEAD BROTHERS COMPANY, A CORPORATION, PROSECUTOR, v. THE CITY OF SOUTH AMBOY, RESPONDENT.

Submitted December 3, 1923—Decided March 6, 1924.

**Assessment of Benefits—Improvement of Highways—Jurisdiction to Pass Ordinance—Procedure in Making Assessment.**

On *certiorari,* &c.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *George L. Burton.*

For the respondent, *Francis B. Coan* and *John A. Coan.*

PER CURIAM.

This writ brings up for review an assessment on lands of the prosecutor for curbing and paving Bordentown avenue, in the city of South Amboy, said to have been done under an ordinance of the city approved May 25th, 1920.

The prosecutor relies on two reasons for setting aside the assessment, namely, want of "jurisdiction of the city of South Amboy to pass the ordinance" in question, and the alleged illegality of the assessment proceedings.

The argument of the prosecutor is largely predicated on the assumption that the street in South Amboy, known as Bordentown avenue, is a country road. This may or may not be a fact at other places or parts of the avenue, but at the point on which the property of the prosecutor fronts, and for which the assessment is made, it is not now and never was a country road. Up to the time, almost, of the actual work of the laying of the pavement, the land there and on which the prosecutor's land fronts was the property of the prosecutor. The prosecutor deeded the land at this point to the city for road purposes by deed dated July 27th, 1920,

the deed setting forth that "it is the intent and purpose of this deed to convey to the city of South Amboy sufficient property to make Bordentown avenue seventy-five feet wide." That being the case, the prosecutor is estopped now to say that this property is not a city street.

Moreover, chapter 99 of the laws of 1919 (*Pamph. L., p.* 246), gives to municipalities the right to improve any road, streets, &c., with suitable curbing, gutters and sidewalk, provided the approval of the county is obtained where it is a county road. The approval of the board of chosen freeholders of the county is shown by the approval of the plans for the work at the joint meeting of the board of freeholders and the common council of June 11th, 1920, and further by resolution passed by the freeholders at their meeting in July, 1920. There would therefore seem to be no question as to the jurisdiction of the city to pass the ordinance in question.

We perceive no illegality in the assessment. Notice of the improvement and of the assessment seems to have been given to the prosecutor by publication and by mailing to its agent at South Amboy. We think that the prosecutor, in its attack upon the ordinance, has not born the burden cast upon it to show that due notice of the ordinance has not been given. *Donnelly* v. *Longport*, 88 *N. J. L.* 68. The point that the ordinance was vague, indefinite and uncertain cannot avail the prosecutor. Where, as here, a property owner, without objection, has permitted a city to expend money for a public improvement and assess benefits for the improvement, he has no standing, by reason of his laches, to object to the assessment made on the ground of the invalidity of the ordinance. *Graham* v. *Ocean City*, 119 *Atl. Rep.* 772. The attempt of the prosecutor to avoid the effect of that rule by the claim that it was led to believe that its property was not to be assessed (*Groel* v. *Newark*, 78 *N. J. L.* 142) has no basis of fact to support the claim. On the contrary, the evidence is quite persuasive, not only that the prosecutor was well aware of the progress of the improvement at all times, but expected that its property would be assessed therefor.

The contention that the commissioners of assessment were not appointed by resolution likewise seems to have no basis in fact.

The assessment will be affirmed, with costs.