JOSEPH BURSTINER AND FANNIE BURSTINER, PROSE-
CUTORS, v. THE CITY OF EAST ORANGE; LINCOLN
E. ROWLEY, CLERK OF THE CITY OF EAST ORANGE;
JAMES H. MUCHMORE AND J. WOODS McWILLIAMS,
MEMBERS OF THE BOARD OF ASSESSMENTS OF THE
CITY OF EAST ORANGE, AND HERMAN B. LEHLBACH,
SECRETARY AND MEMBER OF THE BOARD OF AS-
SESSMENTS OF THE CITY OF EAST ORANGE, RE-
SPONDENTS.

Submitted December 3, 1923—Decided March 14, 1924.

Assessments of Benefits—Widening North Harrison Street, East
Orange—Proceedings Taken Under Home Rule Act—Fifteen
Reasons for Setting Aside Assessment Considered Under the
Points Argued by Prosecutors.

On *certiorari*.

Before Justices TRENCHARD and CAMPBELL.

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This writ of *certiorari* seeks the review of a certain assess-
ment for special benefits against the lands of the prosecutors
for the widening of North Harrison street at its junction
with Main street, in the city of East Orange.

As a part of such improvement lands of the prosecutors
John F. Cronen and Charles H. Thorne and wife were taken.
All the proceedings were taken and conducted under the
Home Rule act. *Pamph. L.* 1917, *ch.* 152, *p.* 319, and
amendment, *Pamph. L.* 1918, *ch.* 163, and amendment,
*Pamph. L.* 1921, *ch.* 195, *p.* 511.

Fifteen reasons are assigned why the assessment should be
set aside, but we will treat of them under the points as set
forth and argued in the brief of counsel for the prosecutors.

## POINT I.

The burden is on the municipality to sustain the assessment by the proceedings returned with the writ.

With this we find no difficulty in agreeing, subject to some slight modification. As was said in *Becker* v. *Garwood,* 96 *N. J. L.* 327: "It is essential that it should affirmatively appear that the assessment is not in excess of the peculiar benefit, advantage or increase in value which the land received by reason of such improvement."

But we do not find in the case before us the situation that existed calling for the foregoing pronouncement.

The qualification we referred to has to do with the construction of the Home Rule act and is found in the following language in section 26 of article 37: "And in construing the provisions of this act all courts shall construe the same most favorably to municipalities, it being the intention hereof to give all municipalities, to which this act applies, the fullest and most complete powers possible over the internal affairs of such municipalities for self-government."

## POINT II.

The municipality intended a general improvement and failed to give notice of, and afford a hearing on, the question of local improvement, hence it is barred from imposing a separate subsequent assessment for benefits.

We find this is answered, against the contention of the prosecutors, by the provisions of the Home Rule act, *supra,* and the second before us showing the giving of notice of intention to consider the undertaking of the improvement in question.

Section 1, article 20: "A local improvement is one, the cost of which, or any portion thereof, may be assessed upon lands in the vicinity thereof benefited thereby."

\*  \*  \*  \*  \*  \*  \*  \*  \*

"*b.* The widening, straightening, extending, altering or changing in any manner the location of a street, road, alley or other public highway or portion thereof."

\*   \*   \*   \*   \*   \*   \*   \*   \*

"Every municipality shall have power to undertake any or all the above-mentioned works as a general improvement, to be paid for by general taxation."

Section 8, article 20 (*Pamph. L.* 1918, *ch.* 163, *p.* 484), amending section 9, article 20, chapter 152 (*Pamph L.* 1917), provides: "After the introduction of any ordinance authorizing any local improvement, public notice shall be . given to all persons whose lands may be affected thereby, or who may be interested therein, of the intention of the governing body to consider the undertaking of such improvement, \* \* \*."

Such, therefore, is a "local improvement," as defined and recognized by the Home Rule act, and the proceeding prescribed for the initiation thereof.

Clearly, such was the improvement in question.


## POINT III.

The board of assessments in making its report for damages, dated June 8th, 1921, and the city council in confirming said report for damages, were concluded, and did conclude, the city of East Orange by said report for damages and the confirmation thereof, so that there could not be a subsequent separate assessment for alleged special benefits.

(*a*) Because by section 22, article 20, Home Rule act (*Pamph. L.* 1917, *p.* 378), it is clearly shown that municipality should have deducted the benefits from the damages and the award should have been for the difference.

(*b*) Because the true legal rule for awarding damages for the taking of part of land is the difference between the fair market value immediately before taking and the fair market value of the property left, immediately after the taking, keeping in mind, as to the value of the property after the

taking, the circumstances surrounding the property, as in this case, the frontage on the new street.

The answer to reason "a" under this point is that prosecutors' counsel has misconstrued the meaning of section 22 referred to or, what would seem more probable, has overlooked the language of the amendment of that section (*Pamph. L.* 1921, *p.* 511), because the "damages" in that section referred to is not the compensation for the taking of the lands necessary for the improvement, but damages incidental to the physical work of effecting the improvement, and is so expressed in such amendment: "* * * shall also at the same time [time of levying assessments for benefits upon the completion of the improvement] fix and determine the amount, if any, that any property is damaged incidentally to the making of the improvement, but exclusive of damages for lands taken. The amount of such incidental damages accruing to any parcel of land or real estate shall be deducted from the amount of any benefits assessed thereon."

The answer to reason "b" under this point is that the principles enunciated in the cases cited in support thereof have no application to the Home Rule act.

In *Mangles* v. *Freeholders,* 55 *N. J. L.* 88, Mr. Justice Dixon, speaking for the Supreme Court, was passing upon awards for lands taken for a highway under a statute which provided that the commissioners were "to make a just and equitable estimate and appraisement of the compensation and damages each owner of the real estate and land to be taken will sustain by reason of such taking, considering in such appraisal the condition in which each owner's parcel will be left after taking so much thereof as will be necessary for said opening, and the benefits that will result from such road to the owner or owners of such land and real estate"; and he held such a legislative plan for compensation for lands taken for public uses was not a violation of the constitutional mandate. That lands might have been taken under the foregoing statutory plan, or by making compensation for the lands taken and damages to remaining lands of the owner by one body and assessing the benefits arising

from the improvement by another body is suggested, if not conceded, by the following language, at page 94: "No doubt if the law had directed that the power of eminent domain should be employed conditionally on payment for the land taken and damages, without deduction for benefits, and that special assessments should be assessed under the taxing power, more even-handed justice might have been done. but as it [the statute there under consideration] directs that the eminent domain be exercised in full constitutional force, on making compensation deemed just in view of benefit as well as detriment, it is for the court merely to see that the legislative mandate be obeyed."

In *Randolph* v. *Freeholders of Union,* 63 *N. J. L.* 155, Mr. Justice Collins, passing upon a statute very similar to that in *Mangles* v. *Freeholders, supra,* come to the same conclusion.

In *Clausen* v. *Ridgefield* (*Court of Errors and Appeals*), 91 *N. J. L.* 238, the only point decided was, that where a municipality has proceeded to take lands for a street opening under the general Eminent Domain act (*Pamph. L.* 1900, *p.* 79), which act is exclusive except "where the payment of the award for lands taken and damages is authorized by statute to be set off against, or made wholly or partially in benefits to be assessed for the same improvement," it cannot, subsequent to such taking, assess benefits for such improvement against remaining lands of the owner, pursuant to the terms of any other statute authorizing the levying of special assessments for benefits.

In *Robinson* v. *Edgewater,* 119 *Atl. Rep.* 7, Mr. Justice Minturn, speaking for the Court of Errors and Appeals, does not make for a situation favorable to the contention of the prosecutors, but, on the contrary, he holds that the words "and benefits," in section 23 of the Home Rule act, as amended in 1921, and referring to the trial of an appeal by the Circuit Court from an award for lands taken, "is clearly without cognate relation to the context of the act itself and is inconsistent with the duties imposed by law upon the commissioners appointed to make an award in the first instance,"

and the rule for admeasurement of compensation for the taking of lands, under the act, is laid down as "the value of the land taken and damages resulting therefrom to the remaining lands."

The constitutional requirement for the payment of compensation is in the following language: "Private property shall not be taken for public use without just compensation, but land may be taken for public highways as heretofore, until the legislature shall direct compensation to be made."

The provision as to taking of lands for public highways was historically explained in *Mangles* v. *Freeholders, supra.*

Unquestionably, it is for the legislature to fix the method and procedure for the exercise of the right of eminent domain and the method of admeasurement or fixing of the "just compensation" required and exacted by the constitution.

This it has done most exactly, comprehensively, and reasonably by the Home Rule act.

The plan and procedure is:

Section 23, article 20 (*Pamph. L.* 1921, *ch.* 195, *p.* 511): "When any improvement ordinance shall require the taking of lands or real estate * * * the ordinance * * * when introduced shall state the location and character of the improvement * * * the lands and real estate to be taken therefor * * * and such ordinance shall be accompanied by a map * * * showing in detail the location and dimensions of such land and proposed to be taken.

"After the passage of such ordinance said map, together with a copy of the ordinance * * * shall be filed with the officer or board charged with the assessment for benefits in the municipality.

"Such officer or board * * * shall make an award for said lands and real estate to be taken, to the owner or owners thereof * * * and shall certify and report the same to the governing body * * *."

The section also provides the owner with an appeal to the Circuit Court from any award so made.

Section 14, article 20 (*Pamph. L.* 1917, *ch.* 152), provides: "After the completion of any local improvement the board * * * in charge thereof shall immediately notify officer or board * * * charged with the duty of making assessment for benefits, and request that a proper assessment be made on lands or real estate that may have been benefited or increased in value by such improvement. The board in charge of such improvement shall furnish to the assessing officer or board a statement showing in detail the cost of such improvement, which shall include the cost of any land * * * purchased or condemned * * * and also cost of advertising, financing and inspecting the same and engineering expenses."

Section 21, article 20 (*Pamph. L.* 1917, *ch.* 152), provides for the procedure by the assessing board, and requires "he or they shall thereupon make a just and equitable assessment of the benefits conferred upon any land or real estate by reason of such improvement, as the case may be, having due regard to the rights and interests of all persons concerned as well as to the value of the lands and real estate benefited."

"After the completion" in this section means after the physical completion of the improvement upon the ground. Section 22, article 20 (*Pamph. L.* 1921, *ch.* 195), provides that the assessment board, in addition to making the assessments for benefits, "shall also at the same time fix and determine the amount, if any, that any property is damaged incidentally to the making of the improvement, but exclusive of damages for land taken. The amount of such incidental damages accruing to any parcel of land * * * shall be deducted from the amount of any benefits assessed thereon."

This section, then, in connection with section 42, provides an appeal from any assessment or award of incidental damages to the Court of Common Pleas.

The undoubted legislative design was to separate and keep separate the proceedings in eminent domain and the assessment for benefits and incidental damages.

The record before us shows that this was done and the mandate of the legislative complied with.

## POINT IV.

To assess for special benefits by a subsequent proceeding when the board of assessments in filing its report of award for damages, and the city council in affirming said award for damages considered the value of the land remaining after the taking for improvement as land having a frontage on North Harrison street, makes the prosecutors pay twice for the same benefit and is unconstitutional.

We are unable to find that this contention is borne out by the testimony or any part of the record before us.

## POINT V.

The board of assessments in making the assessment improperly considered the part remaining from the Burstiner piece, after the taking and the part remaining from the Cronen piece, after the taking, as one entire piece, and did not consider that the entire piece was made by act of the prosecutors and not by the improvement, and did not allow for general increase in value of the property in the neighborhood.

(a) Because improvement ordinance called simply for a widened street and not for a street in an improve condition, hence it must be concluded the improvement is completed when the lands are taken.

(b) Because a great part of the value of both pieces—treated as one—was brought about, not by the improvement, but by act of prosecutors in joining said pieces by purchase of Cronen piece at $6,000 on February 1st, 1922.

Our answer to reason "a" is that the Home Rule act fixes the time for making of assessment for benefits as "after the completion," and, as we have already said, that means, in this case, after the actual, physical performance of the work.

This by the record before us appears to have been February 26th, 1922.

Our answer to reason "b" is as to reason "a," and these parcels had been united in ownership on February 1st, 1922, and were one parcel in ownership at the date from which assessments were made, February 26th, 1922, and there was no error in the board of assessments in so treating them.

## Point VI.

Other lands in the immediate neighborhood of the improvement were specially benefited by said improvement and were not assessed for such benefits; if said property benefited as aforesaid were properly assessed, the assessment against prosecutors would be considerably less.

The answer to this is three-fold—

*First*—There is nothing in the record satisfying us that prosecutors' land were assessed beyond the benefit conferred.

*Second*—Of a total cost exceeding $59,000, over $38,000 fell upon the city of East Orange to be paid by general taxation.

*Third*—These prosecutors have filed an appeal as provided by the statute, and this appeal is still pending, and they must pursue that method against an alleged unfair assessment before resorting to a writ of *certiorari*. *Graham* v. *Ocean City,* 119 *Atl. Rep.* 772.

## Point VII.

Said report of assessment does not show that the board made a just and equitable assessment "of the benefits conferred upon any lands or real estate by reason of such improvement, as the case may be, having due regard to the rights and interest of all persons concerned as well as to the value of the land and real estate benefited," as required by section 21, article 20, chapter 152 of laws of 1917.

The particular complaint seems to be that the report of the board of assessment is not languaged in the exact words of the statute.

We do not find that the language of the report is in serious conflict with the letter of the act, and certainly is not with meaning and spirit of it.   Furthermore, the evidence does not satisfy us that the assessment complained of was not made in accordance with proper principles as laid down by the act.

## Point VIII.

The proceedings do not show that the city council requested the board of assessments that a proper assessment be made, and do not show that the city council furnished the board of assessments with a statement showing in detail the cost of said improvement as required by section 14, article 20, chapter 152 (*Pamph. L.* 1917).

This reason is without substance.   The record shows ample compliance with these requirements of the statute.

## Point IX.

The map accompanying the report of the assessment for benefits did not designate by letter or number each block and parcel of land allegedly peculiarly benefited by the improvement, and said map did not show the lands and real estate taken, damaged or benefited by said improvement and for which damages and benefits had been assessed as required by section 27, article 20, chapter 152 (*Pamph. L.* 1917).

This reason is also without material substance.

The maps indicated the parcels either by letters or by the names of the owners.   This provision of the statute is for the purpose of identification of parcels only, and so long as properly marked or identified, any variance for the strict statutory direction will not vitiate an otherwise valid assessment.

The assessment under review will be affirmed, with costs.