MARVIN H. MEAD ET AL., EXECUTORS OF ESTATE OF ELIAS MEAD, DECEASED, PROSECUTORS, v. THE CITY OF PASSAIC, RESPONDENT.

Submitted June 5, 1924—Decided September 29, 1924—Filed October 7, 1924.

**Ordinances—Opening of Streets—Passed Notwithstanding Objections of Two-thirds of Property—Determination of Public Necessity Not as Required by Act—Where Acts Complained of Are Jurisdictional, Recourse May be Had to This Court Notwithstanding Statute Provisions.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *McCarter & English*.

For the respondent, *Albert O. Miller* and *Harry H. Weinberger*.

PER CURIAM.

These writs of *certiorari* bring up for review two ordinances of the city of Passaic, passed March 25th, 1924, one entitled "An ordinance to extend and and open Union avenue from Spring street to River drive," and the other entitled "An ordinance for the establishment of a grade for Union avenue between Spring street and River drive."

These ordinances were introduced at a meeting of the com missioners on March 11th, 1924. On March 13th, 1924, notices were mailed to prosecutors of a hearing upon such ordinances to be held March 25th, 1924, and prosecutors on March 25th, 1924, before the final passage of the ordinances, filed their objections thereto in writing.

The commissioners, notwithstanding such objections, proceeded to finally pass the ordinances. The proposed extension of Union avenue is solely through the lands of the prosecutors.

Section 10, article 20 of the Home Rule act (*Pamph. L* 1917, *p.* 319, as amended *Pamph L.* 1922, *p.* 201) provides that no local improvement (and the ordinance for extending and opening Union avenue, by its terms and language provided for a local improvement as defined under the Home Rule act), shall be undertaken where objections thereto in writing are filed by the owners of two-thirds in value of lands proposed to be assessed for benefits, unless the governing body shall determine that such local improvement is a public necessity, when the improvement may be undertaken, notwithstanding such objections.

Concededly, the prosecutors, who objected in writing to the improvement, were the owners of two-thirds in value of the lands proposed to be assessed for benefits accruing from such improvement.

Two questions are raised as to the validity of these ordinances, viz.:

*First.* That a resolution adopted by the city commissioners on March 11th, 1924, preceding the introduction of the ordinances, and purporting to determine such improvement to be a public necessity, was without notice and un-

timely; and *second,* such resolution was not a determination of the question of public necessity as required by the Home Rule act.

We think both of these reasons are well founded. Under section 10, article 20, of the Home Rule act, *supra,* the undoubted intention of the legislature is that such determination shall be made, if at all, after notice of hearing upon the ordinance, and after objections, if any, are filed. This resolution antedated the introduction of the ordinances, and, in fact, was made the basis for introduction thereof.

Furthermore, the statute in question clearly contemplates a determination by the governing body that a public necessity for the proposed improvement exists. The resolution in question makes no such determination. It treats of the public necessity merely by way of recital.

For both reasons the ordinances were improperly passed and are illegal. What we have said herein applies particularly to the ordinance providing for the extending and opening of Union avenue, but as the other ordinance seeks to establish a grade for such extension, it is dependent upon the first-mentioned ordinance, and if that falls the grading ordinance must also fall.

Now, it is true that section 10, article 20, of Home Rule act (*Pamph. L.* 1917, *p.* 319, as amended *Pamph. L.* 1922) provides for an appeal to the Circuit Court upon the question of public necessity, and that we have held that where such a remedy is provided it must be pursued. *Breakenridge* v. *Newark,* 94 *N. J. L.* 361; *Graham* v. *Ocean City,* 119 *Atl. Rep.* 772.

But where the defects complained of are jurisdictional, and in the present case they clearly are, recourse may be had immediately and directly to this court.

The ordinances in question must be set aside, with costs.