OWEN C. PEARCE ET AL., PROSECUTORS, v. BOROUGH OF MANASQUAN ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Durand, Ivins & Carton.*

For the defendants, *Halsted H. Wainwright.*

PER CURIAM.

This writ of *certiorari* brings up for review a certain ordinance of the borough of Manasquan, approved March 29th, 1927, providing for the laying out, opening and improvement of a highway known as Stockton Lake Boulevard,

and likewise brings up the report of the commissioners of assessment imposing assessments upon lots of land of prosecutors for work done under said ordinance.

It appears that the land incorporated in the highway was donated to the municipality as a public highway under an agreement entered into between the borough and Perrine, and others, by which it was, in general terms, agreed that the land should be donated and that any improvements thereafter should be made by the borough at its expense, and without expense to the donors. The facts appear to be without substantial contradiction.

Prosecutors make the following points:

1. "The assessment was not made in accordance with the notice of intention of the ordinance and an agreement referred to in the ordinance, and is therefore illegal."

2. "No proceedings were taken to acquire the lands necessary for the improvement; the ordinance was not sufficient for such purpose and no award was made for damages for the lands taken."

3. "The ordinance was passed both first and second reading at the same meeting. The ordinance was not published for the first reading. No notice of intention was mailed to any property owner to be affected by said ordinance. No copy of the ordinance was mailed to any property owner to be affected by said ordinance."

4. "The mayor and council failed to instruct the commissioners of assessments of the terms of the Perrine agreement in connection with the assessments and also failed to hear the prosecutors relative to such agreement when the report of the commissioners was made before the borough council."

5. "The prosecutors are not in laches."

With respect to such of the foregoing points as seek to challenge the validity of the ordinance, it seems quite clear that it is too late for prosecutors to do so. They had both actual and constructive notice of the intention to pass the ordinance, which ordinance declared the contemplated improvement was a "local improvement" and that after completion thereof a just and equitable assessment for benefits

conferred upon any lands and real estate in the vicinity thereof by reason of such improvement would be assessed thereon in the manner provided by law, pursuant to the contract theretofore entered into, and further provided "if the benefit so assessed shall not equal the costs and expenses of the improvement, the balance shall be paid by the borough at large."

The contract referred to as "theretofore entered into" was the so-called Perrine agreement, which provided for such change of location of Stockton Lake Boulevard as "the borough of Manasquan may deem advisable and for the best interests of the traveling public for use as a public thoroughfare, to be understood and agreed, however, by the parties of the first part hereto that they are to pay the extra expense for additional fill on the respective lands caused by this change in the location of said avenue."

Pursuant to the actual and constructive notice to the prosecutors they attended the meeting at which the ordinance was considered. The present attack upon the ordinance and the assessment for the improvement is based upon the alleged statements of the mayor and one or more of the councilmen at the meeting at which the ordinance was considered that there would be no assessment against their lands for the contemplated improvement.

However, the testimony on behalf of the borough is to the contrary, and that on behalf of the prosecutors is too indefinite to outweigh the clear and explicit denials of the public authorities taken together with the plain terms of the ordinance.

The situation presented is one where the prosecutors, being thoroughly familiar with the provisions of an ordinance calling for the expenditure of moneys for an improvement and for assessments by reason of such improvement, without objection to any action until the assessments were imposed, now attempt to attack the proceeding. The prosecutors cannot now be heard to challenge the validity of the ordinance.

The prosecutors likewise attack the assessment as unfair and unjust.

In such case, it appears that appeal is the proper method of review. In *Burstiner* v. *East Orange,* 4 *N. J. Mis. R.* 280; *affirmed,* 103 *N. J. L.* 174; 134 *Atl. Rep.* 916, it was said:

"With respect to the objection now urged as to the amount of the assessment against the prosecutors it is sufficient to say that when an attack is made upon an assessment that it is unfair, the Home Rule act provides for a remedy by appeal; and a dissatisfied land owner must use this method before resorting to a writ of *certiorari.*

To the same effect as *Graham* v. *Ocean City* 98 *N. J. L.* 426; 119 *Atl. Rep.* 772; *Breckenridge* v. *Newark,* 94 *N. J. L.* 361; 110 *Atl. Rep.* 570.

The writ will be dismissed, with costs.