BERGEN COUNTY CIRCUIT COURT.

MAYWOOD LAND COMPANY, APPELLANT, v. TOWNSHIP OF ROCHELLE PARK, RESPONDENT.

Decided November 27, 1935.

For the appellant, *Joseph A. Duffy* (by *L. Edward Herrmann*.)

For the respondent, *De Turck & West* (by *Edward O. West*).

CAFFREY, C. C. J. The appellant, the Maywood Land Company, as the owner of lands located in the township of Rochelle Park (more particularly described in the notice of appeal filed in this cause) appeals from assessments imposed by the governing body of said municipality and levied for the construction of a sanitary sewerage system and treatment plant in said township.

The ordinance providing for the sewerage system and treatment plant aforesaid, declares the improvements aforementioned, to be local improvements, the cost to be assessed upon the lands in the vicinity thereof benefited thereby (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2194, § *136-2001), in the manner provided by chapter 152 of the public laws of 1917, as amended and supplemented.

The assesssment commissioners report, in the usual form, accompanied by a map therein referred to, certified the lands benefited by said improvement.

The appellant, served its notice of appeal upon the clerk of the township of Rochelle Park, personally. The grounds of appeal are as follows:

a. The assessment is illegal and unfair and contrary to law.

b. The assessment fails to assess against the township of Rochelle Park at large a sufficient share of the cost of the entire work.

c. The assessment lacks due regard for the rights and interest of the appellant, as well as to the value of its lands and real estate benefited.

d. The assessments are not made in proportion to the peculiar benefit, advantage or increase in value which the respective lots or parcels of land and real estate receive by reason of the aforesaid improvement.

e. The assessments exceed in amount the peculiar benefit, advantage and increase in value of the lands.

The respondent submits that the appellant has not sustained its burden of proof and the respondent further contends that the assessments are fair and just, agreeable to law and should therefore be sustained.

An assessment is 'imposed for an improvement specially beneficial to the individual property assessed and can only be justified when proportioned to such benefits. Absence of benefit precludes assessment. Benefits to be assessed, must be direct, immediate, appreciable and certain, not contingent, remote and uncertain. Benefits to be assessed for improvements, must be such special pecuniary benefits as result to particular landowner by reason of his ownership of land affected, as distinguished from general benefits to the public at large. "Benefit" is increment of value to land affected by improvement. It represents the difference between the market value of the lands before the improvement and the market value of the lands immediately after the improvement.

It is easy to envision a multitude of difficulties and problems that will be encountered by commissioners—in the per-

formance of their duties—in making an assessment, proportioned to the property benefited. Having due regard for the limitation that a local improvement assessment is merely a charge against specific property benefited and that any cost beyond that measure must be imposed on the public at large, the action of commissioners in making assessments should be sustained, "unless very convincing evidence be adduced against it." *Jelliff* v. *Newark,* 48 *N. J. L.* 101; 2 *Atl. Rep.* 627. The action of commissioners in making assessments of damages and benefits for improvements is judicial. The report submitted by them is considered *prima facie* evidence of the facts recited therein, *inter alia,* that the assessment made is just and fair and not in excess of the actual benefits. *Hunt* v. *Rahway,* 39 *N. J. L.* 646; *Raymond* v. *Rutherford,* 55 *N. J. L.* 441; 27 *Atl. Rep.* 172; *Worth* v. *Westfield,* 81 *N. J. L.* 301; 80 *Atl. Rep.* 104; *Graham* v. *Ocean City,* 98 *N. J. L.* 426; 119 *Atl. Rep.* 772. The burden rests upon the appellant to overcome this evidence. This the appellant failed to do.

This court, under the Home Rule act (article 20) (*Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 2194 *et seq.,* § *136-2001 et seq.*) has the "power to * * * determine whether or not the assessment * * * appealed from * * * is a just and fair assessment * * *." While the courts have shown a desire to sustain, if possible, acts of assessment commissioners, they have recognized the limitations imposed upon these officers in this respect, under the act. An assessment will not be set aside unless it clearly appears that an injustice has been done.

From the evidence submitted to this court during the hearing of this cause, this court is of the opinion that the appellant has failed to sustain the burden of proof that the assessments imposed were unfair and unjust. "The area of special benefit is so largely a matter of opinion, that the judgment of the commissioners [of assessment] on that subject must stand unless very convincing evidence be adduced against it." *Jelliff* v. *Newark, supra.*

The appellant has failed in the proof required of it, to

sustain its grounds of appeal. The appeal must, therefore, be dismissed.

The assessments here levied are fair and just. These assessments, from the evidence, have due regard to the value of the lands and real estate benefited and are proportioned to the benefit peculiar to the property assessed. Having been imposed within the limits of the special benefit derived from the improvement, the assessments will not be disturbed.

The assessments appealed from are sustained. An order may be entered accordingly.