STATE, EDWARD R. KELLOGG ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH.

1. Land which can be drained into a trunk sewer only after connecting laterals are built, cannot be assessed for the cost of the trunk until such laterals are constructed.

2. In levying assessments, statutory directions which are designed to guard private rights and remedies, must be fully obeyed.

On *certiorari* to remove assessment for construction of sewer on Wall street, city of Elizabeth.

Argued at November Term, 1877, before Justices Scudder, Dixon and Reed.

For the prosecutors, *W. J. Magie.*

For the defendant, *R. E. Chetwood.*

The opinion of the court was delivered by

Dixon, J. These *certioraris* bring up the proceedings and assessment for the construction of a sewer in Wall street, Elizabeth.

We think that, inasmuch as the sewer has been constructed under circumstances which fairly apprised the property owners benefited that the city expected to levy an assessment therefor, and those owners have omitted to appeal to the courts until the public money was expended, they are now estopped from complaining, save as to the legality of the assessment.

The sewer is one known as a trunk sewer: that is, it is the main sewer, through which, by means of lateral sewers emptying into it, a certain district is intended to be drained. The only laterals constructed are two short ones in First and Second streets, and no others are yet determined upon, or even applied for, while the area of assessment embraces all the territory which it is expected will be drained when the whole system of laterals is completed.

The principles on which the assessment was levied are thus stated by one of the commissioners, whose evidence is not disputed: "Before making this assessment, the commissioners were aware that the surface water of a portion of this district could not be drained by this sewer without the construction of connecting sewers; the lots thus situated had no immediate connection of any kind with this sewer; we assessed such lots with reference to the ultimate benefit which they would derive when the whole system was completed, and the connecting sewers were built; in assessing lots in the district, the

surface water of which was drained·by this sewer, we did not restrict the assessment to the benefit thus derived; we included the benefit which we considered was derived by increase of value from having a portion of the sewer completed; that portion was not capable of being used without connecting sewers. * * * We did not distinguish between the benefits received by each lot, from the carrying off of the surface water, and carrying off the sewage from the houses built on the lots; they received a benefit from having a portion of the sewer built and the outlet brought nearer to them, either for surface drainage or for sewerage drainage; our estimate included both surface and sewerage drainage. * * * We made the assessment upon the supposition that the system of sewers shown on this map would be carried out. * * * We made no difference in assessments where there was a connecting sewer on one side and none on the other; so that a lot on First street, upon the connecting sewer already built, would be assessed no more than one on the other side, where no connecting sewer was built."

This extract from the proofs, together with the assessment map and schedule, shows that the expense of constructing this sewer was assessed as though the sewerage system, throughout the entire district, were completed and in operation. All the contingencies, on which depends the construction of laterals necessary to make this main sewer of the least benefit to much of the property assessed, were disregarded, and these laterals were considered as already built, so far as this assessment was concerned. Such a course is in violation of the doctrine of adjudged cases.

The *special and peculiar benefit* which will legalize an assessment for the expense of a local improvement, must be a present benefit immediately accruing from the construction of the work in question. *State, N. J. R. R. & T. Co., pros.,* v. *Elizabeth,* 8 *Vroom* 330.

Land owners cannot be assessed for intended benefits which may never be realized; mere speculative benefits are not, in reality, benefits. *In matter of drainage along Pequest River,* 10 *Vroom* 433.

It by no means follows from this that the property lying on the line of intended laterals must escape assessment for the expense of making the trunk sewer. The constitution guards it from such a burden only until the compensating benefit is actually received. When the laterals are built, so that sewerage through the mains is furnished to this property, then it will be lawful for the corporation to reimburse itself for the cost not only of the laterals, but also of this principal sewer, so far as the peculiar advantage then accruing to that property will warrant. But, in the meantime, the corporation whose officers have expended the public funds must itself bear the load.

The final assessment in this case was made under a supplement to the city charter, approved April 4th, 1873, (*Pamph. L., p.* 778,) which requires that, as a basis therefor, a preliminary report shall be made by the commissioners, in which shall be shown what lands are benefited by the improvement, an estimate of the said benefits, and what proportion of the whole amount of the cost ought to be assessed against each tract benefited ; and the act makes this estimate of benefits conclusive upon the owners, unless an appeal to the courts be taken within sixty days after its approval by the common council. In the proceedings before us, the preliminary report is fatally defective, in that it fails to set out at all the benefits which the commissioners deemed the several lots received from the improvement, and hence the opportunity of appeal was not afforded. The proportion of benefits, stated in dollars and cents, appears in a schedule annexed to the report, but manifestly the commissioners did not think these figures indicated the actual advantages, for they say that if the whole amount which ought to be assessed be greater or less than the sum total of these proportions, then each of said several amounts should be increased or diminished *pro ratâ.* Of course no *increase* beyond the actual benefits could have been thought permissible.

The substance of the notice for objections to this report, required, by the fifth section of the said supplement, to be

State, Watrous, pros., v. Elizabeth.

given through the post-office, was also insufficient. It does not seem to have designated any time or place for hearing. Such statutory directions as to notice must be fully obeyed. *State, Kohler, pros., v. Guttenberg*, 9 *Vroom* 419.

For these reasons, the preliminary report and the final assessment must both be set aside, with costs.