MORRIS AND ESSEX RAILROAD COMPANY, OWNERS, AND DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, LESSEES, v. MAYOR AND ALDERMEN OF JERSEY CITY.

Submitted July 14, 1899—Decided November 13, 1899.

The railroad company by its charter was authorized to construct its railroad through Bergen hill by means of a tunnel or open cut. The tunnel was constructed many years ago, and no work has been done or plans projected for changing the tunnel into an open cut. The arch of the tunnel is in some places ninety feet below the surface of the ground, and the lands are not used at all in connection with the tunnel for any purpose, except for a ventilating shaft, and a shanty occupied by an employe of the prosecutors. An assessment for benefits for a street opening was made by the city on the lands on the surface above the tunnel. Inasmuch as these lands were not essential to the exercise of the corporate franchises of the prosecutors as the railroad is now constructed and operated, nor within projected plans for a change

in the tunnel which the prosecutors are at this time engaged in executing, and the evidence tending to show that it was practicable to erect houses on the property in question—*Held*, that the assessment for the benefits was properly made.

On *certiorari*.

This writ brings up an assessment against the prosecutors for street improvements.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the prosecutors, *Flavel McGee*.

For the defendants, *Allan L. McDermott*.

The opinion of the court was delivered. by

DEPUE, J.   The assessment for benefits arises from the improvement of Beacon avenue from Summit avenue to the Boulevard, in Jersey City.   It was laid upon lots Nos. 3, 4, 5, 6, 7, 8 and 9, in block No. 841.   Lots Nos. 4, 5, 6, 7 and 8 are partly within what is called the " right of way " of the prosecutors.   Nos. 3 and 9 are not within the " right of way." The premises are lands mainly on the surface above the tunnel of the prosecutors, through Bergen hill.   They were purchased by the Morris and Essex Railroad Company for the purpose of enabling that company to construct its tunnel. By a supplement to its charter of 1857 the company was em-powered to extend its railroad from Newark to the Hudson river.   This act required the company, in extending its road, to pass through Bergen hill by means of a tunnel, and not an open cut.   By a supplement passed in 1871 the company was authorized to carry its Boonton branch through Bergen hill by means of an open cut or tunnel.   The tunnel was constructed many years ago.   No work has been done or plan projected for changing the tunnel into an open cut. The arch of the tunnel is, in some places, ninety feet below the surface of the ground, and in some places less.   The lands are not used at all in connection with the tunnel for

any purpose, except that there is a shaft from the tunnel for ventilation on parcel No. 4, nor are there any structures on any of these lots except a shanty on lot No. 9, occupied by an employe of the prosecutors, to prevent boys throwing stones in the shaft. Elsewhere there are many buildings on the prosecutors' lands, over its tunnel, in Jersey City—on Waverly street, Palisade avenue, Prospect avenue and Oakland avenue—and there is evidence tending to show that it was practicable to erect houses on the property in question, the same as elsewhere over the tunnel.

The contention is that these lands were obtained to enable the company to construct its tunnel, and that they are held by the company with a view of enabling it in the future to make an open cut through Bergen hill. They are not lands which are essential to the exercise of the corporate franchises of the prosecutors, as the railroad is now constructed and operated within the decision of *State, Morris and Essex Railroad Company* v. *Jersey City*, 7 *Vroom* 56. Nor are they within projected plans for a change in the tunnel in accordance with a scheme of improvement *in fieri*, which the prosecutors are at this time actively engaged in executing, within the decision of *State, Morris and Essex Railroad Company* v. *Haight*, 6 *Id.* 40, 45. They are lands lying vacant, not at this time necessary for the company's railroad, but are held as a matter of convenience to the company, which the company in the exigencies of its legitimate business may, at some future time, require for opening its tunnel, a condition which is held to be decisive on the question of the company's liability to general taxation. *State* v. *Newark*, 1 *Dutcher* 315, 316 ; *S. C.*, 2 *Id.* 519. That principle applies in this case. In this respect the case is distinguished from *State, Morris and Essex Railroad Company* v. *Jersey City*, 7 *Vroom* 56, and *State, New Jersey Railroad and Transportation Company* v. *Elizabeth*, 8 *Id.* 330. It is quite clear that these lands are not so irrevocably appropriated to the use of the prosecutors in the operation of their railroad that they might not be applied to other uses or sold.

The theory on which the prosecutors seek to be relieved of these assessments is that the land was bought for railroad purposes and in the future may be required for such purposes. In the absence of proof that the project of opening this tunnel upwards is within a scheme of improvement adopted and about to be executed, the company will not be relieved from these assessments on that ground. On the other hand, the testimony produced on the part of the city is to the effect that these lands in their present condition are benefited by this improvement in the amount of the assessment.

The assessments should be affirmed.