THE CHICAGO UNION TRACTION COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1904.*

This case is controlled by the decision in *Chicago Union Traction Co.* v. *City of Chicago,* 204 Ill. 363.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

WILLISTON FISH, and LOUIS BOISOT, (JOHN A. ROSE, of counsel,) for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, and EDGAR B. TOLMAN, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the county court of Cook county confirming a special assessment for curbing, guttering, grading and paving North Park avenue from the north curb line of Sigel street to the south curb line of Menominee street. The estimated cost of the proposed improvement is $3300. Sub-lots 1, 2 and 3 in subdivision of lots 33, 36 and 27, and that part north of Eugenie street of lot 34, in North's addition, and the east 125 feet of sub-lot 4 and the west 267 feet of sub-lot 4, both

in lot 38, in North's subdivision, were specially assessed to appellant. All this property is located in a single block lying east of and abutting on North Park avenue, and between Tell court on the north and Eugenie street on the south. Through this block, north and south, runs a small street called Hammond street, beginning in Eugenie street and terminating at Tell court. Lots 1, 2 and 3 and the east 125 feet of sub-lot 4 lie east of Hammond street and abut on North Park avenue, and are used by appellant as a yard for the storage of paving blocks, gravel and other track material except rails, and are called "east yard on Hammond street." The west 267 feet of sub-lot 4 lies west of Hammond street and is used for like purposes of storage, and is called "west yard on Hammond street." There are no street railroad tracks on either of these yards or leading to them, and they are not used for railroad purposes, except in that they are used for the storage of material with which the railroad company paves its tracks. Lot 1 is assessed at $157.75 and lots 2 and 3 at $125.05 each, and sub-lot 4 was assessed at $261.85.

Numerous objections were filed by appellant, but the single objection (No. 22) that "the said assessment upon the property of said objector exceeds the benefits which will accrue to said property from the proposed improvement," is insisted upon. The trial was by the court, a jury being waived.

It is stipulated between the parties that the fee to this property belongs to the North Chicago City Railway Company, and was in 1886 leased for 999 years to the North Chicago Street Railroad Company, and by the latter company, in 1899, leased to the appellant for the unexpired period of the North Chicago Street Railroad Company's lease. All the above companies are corporations organized under the laws of this State.

Appellee made the formal proofs, including the offer of the assessment roll, and rested. Appellant placed

upon the stand one Charles Caul, who testified that for the last fifteen years there has been, and is now, a tight-board fence between North Park avenue and the property in question, without any gate or entrance from Park avenue to such property, and that all the materials stored upon the property came in through Hammond street, and further testified that for the uses to which the company put the property, the pavement on Park avenue would be of no benefit to the same, and it was agreed that one J. J. Murphy, a witness for objector, would testify to the same effect. Appellant also offered to prove that there is no intention on the part of the company to alter the use of the property above objected for, from its present use. This evidence was excluded by the court and objection made and exception taken. H. Goldstein, a witness on behalf of the appellee, testified that the property would be benefited to the full extent of the assessment, taking into consideration the uses to which it was put.

This was all the evidence, and appellant then offered nine propositions of law, which it requested the court to hold. The court held the eighth and refused all the others. The eighth holding was to the effect that the burden of proof rested upon appellee to show that the property objected for would be benefited to the extent of the assessment, and that as to any lot concerning which the objector had offered competent and material evidence that it would not be benefited to the amount assessed against it on the assessment roll, the assessment roll itself could not be considered as the testimony of any witness on the question of benefits. The eight refused holdings, as offered by the appellant, were all upon the theory that the property in question is street railroad property and is held by said company for street railroad uses and purposes only, and that said company cannot lawfully apply said property to any other uses or purposes than such as are necessary or proper for the oper-

ation and maintenance of its street railways, and that the only basis upon which benefits can be assessed to it upon said property is that of the uses to which appellant puts the same.

The briefs and arguments in this case, in all essential features, are the same as were those in the case of *Chicago Union Traction Co.* v. *City of Chicago,* 204 Ill. 363, each taking the same position as to the basis for the assessment and each relying upon the same authority in support of the contention. The holdings, too, offered in the latter case were practically the same as those here offered, so that the main question here presented has already received the full consideration of this court and has been decided adversely to the contention of appellant, and as upon that phase of the case the case last cited is exhaustive and controlling, we deem it unnecessary to further discuss and consider the main question here presented, but are satisfied to adhere to the views expressed in the former case.

The evidence offered by appellant as to the extent of benefits was upon an erroneous theory of the rule governing such benefits, and did not, as we think, overcome, or even tend to contradict, the *prima facie* case made by the assessment roll, which, together with the oral testimony offered on behalf of appellee, we regard as amply sufficient to show that the property was benefited to the extent of the assessment. Nor was there error in refusing to permit appellant to show that it was its intention to continue the same use of the property in question as that to which it had theretofore been put by it. That testimony was both incompetent and irrelevant, and could not in any manner affect the case.

There was no error in the action of the county court of Cook county, and its judgment is affirmed.

*Judgment affirmed.*