CHARLES J. RINGER ET AL., APPELLANTS, v. CITY OF
PATERSON, RESPONDENT.

Submitted December 11, 1922—Decided March 5, 1923.

1. The title of an act entitled "An act concerning counties," em-
bodies a purpose to clothe the governing body of counties, among
other powers, with the supervision and control of public roads;
the repairing and improvement of such roads; the providing for
the expense of such work, and as incident thereto the right to
contract with municipalities within the county for distribution
of the cost of such improvements when made within the limits
of a municipality.

2. A statute which declares that assessments may be imposed by
the municipality upon lands peculiarly benefited by the public
road improvement "in the manner and under the laws providing
therefor," limits such assessments to the benefits actually con-
ferred, where there is in force a statute which provides that
such assessments shall be just and equitable.

3. Article 20 of the "Home Rule act" (*Pamph. L.* 1917, *p.* 370)
permits an assessment for "the curbing or recurbing  *  *  *
of a sidewalk in, upon or along  *  *  *  a public highway or
portion thereof;" and this language authorizes an assessment
for resetting the curb taken up while repairs were made to the
highway.

On appeal from the Supreme Court.

For the appellants, *Joseph A. Furrey.*

For the respondent, *Francis Scott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appellants, Ringer and
others, sued out a *certiorari* to test the legality of three as-
sessments laid upon their properties, the first of which was
for paving a portion of a public street in the city of Paterson,
known as Main street; the second for the recurbing of the
sidewalks along the same portion of that street; and the
third for the making of water and sewer connections along
the same. The Supreme Court, on the return of the writ,
affirmed the assessments and the prosecutors have appealed.

Taking up for consideration, in the first place, the question of the validity of the assessment for the repaving of the street. The board of freeholders of the county of Passaic and the city of Paterson entered into an agreement for the repaving of the street between certain specified terminii, it being a part of a county road. By the terms of the agreement the city was to pay approximately twenty per cent. of the total cost, and the remaining eighty per cent. was to be taken care of by the county. The work was done by the county and the cost of the improvement paid for by it, the city contributing its twenty per cent. Having done this, the city then proceeded to assess its share of the cost of the improvement upon the property of the prosecutors and of other abutting owners; and the argument on their behalf is that, in doing this, the city assumed a power not conferred upon it by the legislature. Numerous statutes are referred to by counsel for the city as justifying this municipal action, and the validity of each one of them is attacked by counsel for the prosecutors. Our examination of them leads us to the conclusion that one of them, enacted March 22d, 1920, and entitled "An act to amend an act entitled 'An act concerning counties,' approved March fourth, one thousand nine hundred and eighteen" (*Pamph. L., p.* 71), confers the authority exercised by the municipality. After conferring upon boards of freeholders the power to improve public roads in the manner and under the conditions exhibited in the present case, and providing for the distribution of the cost thereof by agreement between the county and the city, the statute then declares that "assessments for benefits to lands peculiarly benefited by any such improvement may be imposed by such municipality on such lands in the manner and under the laws providing therefor to the extent of the amount paid by any municipality for the improvement of such road."

The validity of this statute is attacked by the prosecutors upon two grounds—*first,* that the title of the act does not disclose a purpose to impose upon property owners benefited by the improvement any part of the expense thereof, and *second,* that the statute does not limit the assessment to the

amount of benefit actually received by the property from the improvement.

Considering, first, the attack upon the title of the act. The constitutional provision appealed to requires that "every law shall embrace but one object, and that shall be expressed in the title." Article 4, section 7, paragraph 4. The suggestion is that the title of the present statute is so vague and indefinite that it could not have indicated, either to the members of the legislature that enacted it or to the public generally, a purpose to place upon a municipality located within the territory of a county any part of the cost of a public improvement undertaken by the county; and that much less does it indicate a purpose to place upon property owners within the municipality any part of that portion of the cost of the improvement which is assumed by the city. The mere fact that the object of the legislation might have been expressed more specifically in its title affords no ground for declaring it void, so long as that title fairly points out the general purpose sought to be accomplished thereby. The constitutional requirement is complied with when the title fairly indicates the general object of the statute, although it does not declare the means or methods of attaining that object. *Bumsted* v. *Govern,* 47 *N. J. L.* 373; *affirmed,* 48 *Id.* 612; *Anderson* v. *Camden,* 58 *Id.* 515, 518; *Quigley* v. *Lehigh Valley Railroad Co.,* 80 *Id.* 486. And it is this principle which has led our courts to hold in many cases that statutes having titles similar to that under consideration (for instance, "An act concerning cities;" "An act concerning boroughs," and the like) do not violate the inhibition of article 4, section 7, paragraph 4 of the constitution. The title "An act concerning counties," indicates a purpose to clothe the boards of chosen freeholders, who have charge of the affairs of our counties, with governmental powers, to vest in them, among other such powers, the supervision of, and control over, the public roads of our counties, the repair and improvement of such roads as occasion may require, the providing for the expense of such repairs and improvements, and, as cognate to this latter power, authority to contract

with municipalities lying within the borders of our counties for the distribution of the cost of such improvements when made within the territorial limits of such municipalities. These objects being embraced in the title, it seems to us clear that, where such a contract is made, a provision in the statute looking to the ultimate payment of the cost thereof by the owners of properties specially benefited by such improvement is fairly indicated thereby, including the providing of the machinery for the collection of such cost by assessment upon those properties to the extent of the special benefits actually received.

We consider, therefore, that the first ground of attack upon this statute is without legal support.

We consider, also, that the assertion that the statute does not limit the assessments to the benefits actually received by the lands upon which they are laid is equally without merit. The declaration of the legislature is that these assessments may be imposed by the municipality on such lands "in the manner and under the laws providing therefor," &c. One of the laws providing for assessments for such benefits is chapter 152 of the laws of 1917, commonly designated as the Home Rule act. Section 21 of article 20 of that statute (*Pamph. L., p.* 378) provides that, in making an assessment for benefits resulting from a local improvement, that assessment shall be "a just and equitable assessment of the benefits conferred upon any lands or real estate by reason of such improvement," and the necessary effect of this latter statute is to limit the assessment to the actual benefit received by the property upon which it is laid.

We concur, therefore in the view of the Supreme Court that the assessment for the repaving of Main street is valid and should be affirmed.

The attack upon the assessment for resetting the curb along Main street is based upon the construction which counsel for the prosecutors puts upon paragraph E, section 1, article 20 of the Home Rule act (*Pamph. L.* 1917, *p.* 370), which permits an assessment for "the curbing or recurbing, guttering or reguttering of a sidewalk in, upon or along a

\* \* \* public highway or portion thereof." In the present case the old curbing was taken up while the work of repairing the highway was being carried on, and, after that work was completed, was reset along the exterior line of the sidewalk as it then existed. It is said that this legislation does not authorize an assessment for merely resetting the curb; but requires also the substitution of new material for the old curbstones. We do not concur in this view of the statute. Such an act would seem to us to be the construction of new curbing rather than a recurbing. In other words, we think the legislative purpose was to authorize an assessment where the old curb was taken up for the purpose of making a street improvement, and was then reset to conform to the new conditions resulting from the repaving of the highway.

The challenge to the validity of the assessment for water and sewer connections installed by the municipality for the benefit of the prosecutors, upon their failure to comply with the notification of the municipality to make such connections themselves, is that the municipality failed to give to them the notice required by the statute to do this work. The requirement of the notice is contained in section 4 of article 20 of the Home Rule act, and an examination of the return satisfies us that there was a proper compliance with the statutory provisions.

For the reasons stated, we conclude that the judgment of the Supreme Court affirming the assessments for recurbing and for the water and sewer connections should be affirmed.

The respondent is entitled to costs on this appeal.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal* — None.