·NEW JERSEY AND HUDSON RIVER RAILWAY AND FERRY COMPANY ET AL., PROSECUTORS, v. THE HACKENSACK IMPROVEMENT COMMISSION, DEFENDANT.

Argued May 6, 1930—Decided May 16, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutors, *Frank Bergen* and *William H. Speer*.

For the defendant, *Walter G. Winne*.

PER CURIAM.

The prosecutors seek to set aside three assessments for benefits by reason of the grading, paving and curbing of Susquehanna and Second streets, Hackensack, and the construction therein of drains, sewers and sidewalks. The lands against which the assessments were levied were owned by the New Jersey and Hudson River Railway and Ferry Company and were leased to the Public Service Co-ordinated Transport. The sufficiency of the ordinance and the regularity of the proceedings for assessment are not questioned. It is urged against the assessments, however, that the lands in question were devoted to public use, being the right of way for a street railway, and hence an assessment can be

levied only to the extent of actual benefits conferred. *New York Bay Railroad Co.* v. *Newark,* 82 *N. J. L.* 591.

The assessments were based upon a supposed increase in value without regard to the use to which the lands were dedicated and are upon the same basis as other assessments made for the same improvements against other adjacent lands, and were made without regard to the fact that the lands in question were part of the right of way for a street railway. The land in question is a strip fifty feet wide for the most part and twenty-five feet wide for a small part. Years ago it was part of the right of way of the trolley line running between Hackensack and Newark. In 1928, municipal authorities entered into a contract for a temporary suspension of the street railway operation and the substitution of auto buses therefor. The tracks, poles and overhead wires have been removed. The agreement states that the suspension thereunder shall not operate as an abandonment or surrender of existing franchises. The operation of the street railway has ceased. At the same time its franchise still exists and the service could be restored.

It is apparent that although the lands in question might be used as a right of way for a street railway that there is an entire suspension of such use.

Mr. Justice Parker said, in *Lehigh Valley Railroad* v. *Jersey City,* 81 *N. J. L.* 290, 299: "But the railroad owns, besides the right of way, over sixty city lots, some adjoining the right of way strip, some disconnected from it. It does not appear whether these lands are used in whole or part for railroad purposes. If not so used, they are assessable like any other lands; if so used, and if benefited for such purposes by the sewer, they are assessable, not to the extent of enhancement of market value, but to the extent of benefit for railroad purposes."

"As a general rule property owned by a railroad but not used for railroad purposes is subject to special assessment for local improvements in the same manner and to the same extent as property owned by an individual." 44 *Corp. Jur.* 535; *Lehigh Valley Railroad Co.* v. *Jersey City,* 81 *N. J. L.*

290; *Morris, &c., Railroad Co.* v. *Jersey City,* 64 *Id.* 148; *affirmed,* 65 *Id.* 683.

"So it has been held that land of a railroad company not necessary to the exercise of its franchise, nor within projected plans contemplating its use for such purposes, is properly assessed for local improvements, although in the exigencies of its legitimate business the company may at some future time need the property for railroad purposes." 44 *Corp. Jur.* 535; *Morris* v. *Jersey City,* 64 *N. J. L.* 148; *affirmed,* 65 *Id.* 683.

It is to be noted that there is no operation over the right of way in question or any part thereof. There is an entire suspension of public use. The lands in question might in the future be used for railway purposes, but they might also be sold or devoted to some other use. Hence, the assessment was proper.

Further, the assessment in question was affirmed December 2d, 1929, and the present writ was not granted until February 8th, 1930. Probably under *Pamph. L.* 1907, *p.* 109, and *Pamph. L.* 1921, *p.* 515, the application came too late. *United Owners Realty Co.* v. *Lodi,* 99 *N. J. L.* 529.

The writ will be dismissed.