MUHJY GORAB AND ALBERT GORAB, PROSECUTORS, v. BOROUGH OF WOOD-RIDGE, MAYOR AND COUNCIL OF THE BOROUGH OF WOOD-RIDGE AND CORNELIUS J. GWINN, CLERK OF SAID BOROUGH, RESPONDENTS.

Argued July 24, 1945—Decided July 30, 1945.

Before Justice BODINE (at chambers under the statute).

For the prosecutors, *Warren Dixon, Jr.*

For the respondents, *Lloyd L. Schroeder.*

BODINE, J. The writ reviews the legality of an assessment for alleged special benefits resulting from the construction of a sanitary sewer in the Borough of Wood-Ridge, Bergen County.

The question posed, in the first instance, is whether an assessment for alleged special benefits is legal when it appears by the report of the Commissioners of Assessment that the

sum of $1,634.41 is imposed against prosecutors' property on the premises that "It is reasonable to assume that a street will be laid out * * * (running through prosecutors' property) in which event 285 feet on the northwesterly side of said proposed street * * * and 385 feet along the southeasterly line of said proposed street * * * would be subject to the assessment of $1,566.06 plus $68.55 for four risers, aggregating $1,634.61. We understand that the said assessment of $1,634.41 will not be a lien upon that portion of lot number twenty (20) described in this schedule 'C' *until benefits have been conferred*. In the event that said portion of said lot number twenty (20) is laid out as hereinbefore contemplated, *the benefits will then be conferred* and the assessment will be equitable and just and will then ripen into liens upon said property."

Prosecutors contend that no present benefits have resulted, that the Commissioners' report on its face discloses that no present benefits have resulted, that the attempted imposition of this inchoate assessment is not within the contemplation of the statute, that anything other than a presently immediately accruing benefit is illegal.

The prosecutors' property consists of two different physical parcels, against which two parcels there have been imposed three separate assessments. Highland Avenue runs in a general easterly and westerly direction. On the north side of Highland Avenue prosecutors own a parcel with a frontage on Highland Avenue of 269 feet to a depth of 143 feet. The sewer for which the assessment has been imposed does not run through Highland Avenue the full distance of this property, but only approximately one-half of it or a distance of 132 feet. This property and a parcel directly opposite it on the south side of Highland Avenue with a similar fronage of 132 feet and a depth of 100 feet have been subjected to an assessment of $617.08 and $17.14 for one riser, totaling $634.22. The report of the Commissioners of Assessment imposes a present alleged benefit on these two parcels.

The balance of the prosecutors' property, and against which the inchoate assessment is imposed, lies on the south side of Highland Avenue also. It is generally rectangular in shape,

with a total frontage (including the 100 x 132 feet above mentioned) of 269 feet and a depth of approximately 390 feet. It is out of this rectangular piece that the parcel on the south side of Highland Avenue first mentioned, with a frontage of 132 feet and a depth of 100 feet, has been artificially carved by the Assessment Commissioners' report.

The course of the sewer in question, in so far as the prosecutors' property is concerned, is from the south line of the property (lot 20) northerly to Highland Avenue approximately bisecting the property, and then westerly through Highland Avenue and then northerly several blocks to a pumping station.

All of prosecutors' property is vacant land, and it has no street frontage except Highland Avenue. The assessment has been imposed on an arbitrary front foot basis of $2.377 per front foot of sewer. The report recites in Schedule "A," included in the return, that the manner of computation of the assessment is by ascertaining the number of feet of sewer, making certain deductions therefrom, and dividing the number of feet thus arrived at into the cost of sewer, less a certain portion assessed to the borough at large.

The return to the writ contains three separate reports of the Commissioners of Assessment. The first report is dated February 9th, 1944; the second report is dated July 12th, 1944, and the third report, which was confirmed by the mayor and council, is dated December 28th, 1944.

The assessment of $1,634.61, which is not based upon a present benefit, should be set aside. The manner in which the Assessment Commission arrived at this assessment was as follows: the sewer bisects prosecutors' property, which has never been laid out into lots, nor has any street ever been projected through it along the line of the sewer or otherwise. It appears from the testimony that building lots and houses would be impracticable.

Not only did the Assessment Commissioners impose this inchoate assessment on a running foot basis against the prosecutors' property where no street existed, but failed to assess other property along which the sewer line ran where a planned or mapped street did exist.

The only benefits for which an assessment may be made are those which are special and peculiar to the property assessed. The benefits must be present and not speculative. *Barkman* v. *Hackensack*, 114 *N. J. L.* 506; *New Jersey Railroad and Trans. Co.* v. *Elizabeth*, 37 *Id.* 330; *Morris* v. *Bayonne*, 53 *Id.* 299. So the statute also provides. *R. S.* 40:56–27.

It was objected, when the writ was granted and at the argument, that the prosecutors had not exhausted their remedy under the statute. But however the assessment in question be viewed no benefits accrued from the sewer as the proofs show. An assessment cannot be valid if made on a speculative basis as this one evidently was. The prosecutor is not obliged to exhaust his remedy. That rule often applied is one of convenience and not of law. *Conaway* v. *Atlantic City*, 107 *N. J. L.* 404.

The assessment, in so far as it purports to benefit prosecutors' land when, and, if it is ever developed for building purposes, is set aside, with costs.