This is an appeal from an assessment made by the respondent municipality for the construction of a sewer in East Oak Avenue, Township of Moorestown. Appellant is the owner of premises known as 222 East Oak Avenue and respondents have assessed the said property for alleged benefits accruing from the aforesaid construction in the amount of $185.37. Appellant does not dispute the reasonableness of the assessment, but contends her property has not received any benefits from the construction of the sewer and therefore should not be assessed.
Appellant's property has a present sewer line which extends from the rear of her dwelling to a sewer line of a four-family apartment house owned by one Pyle, which line runs through the adjacent (to the premises of Pyle) property of one Walker and thence into the lateral sewer on Central Avenue, which is parallel to East Oak Avenue. Appellant's property has no present connection with the new sewer line in East Oak Avenue.
The question presented is: Does appellant's property receive a "peculiar benefit, advantage or increase in value" by reason of the construction of the sewer on East Oak Avenue? R.S.
40:56-27.
Appellant argues that she has an irrevocable license or easement under the lands of Pyle and Walker in gaining access to the Central Avenue sewer and hence, any increment in value of her property, based on a future contingency (that of losing her license or easement), is not a benefit upon which an assessment for a local improvement can be based. In support of this contention she cites Kellogg v. City of Elizabeth, 40 N.J.L. 274
(Sup. Ct. 1877); Beattie Mfg. Co. v. Little FallsTownship, 7 N.J. Misc. 161 (Sup. Ct. 1929); Barkman v. Cityof Hackensack, 114 N.J.L. 506 (Sup. Ct. 1935); Gorab v.Borough of Wood-Ridge, 133 N.J.L. 162 (Sup. Ct. 1945).
The above cases are readily distinguishable from the present case. In the Kellogg case the assessment was set aside for the reason that lands which could be drained into a trunk sewer only after connecting laterals were built could not be *Page 537 
assessed for the cost of the trunk until the laterals were constructed. Here the necessary laterals have been constructed and it is for that construction the assessment is levied.
In the Beattie cae the line of sewer was on the opposite side of the street from prosecutor's property and it was impossible or impractical to make sewer connections across the street. Moreover, prosecutor's property was located below the level of the street and sewage would not run into the sewer. It was clear that prosecutor's property did or could receive no benefit from the building of the sewer.
In the Barkman case the court, on stipulation, measured the amount of street assessments against prosecutor's properties, based mainly on the accessibility to the main highway, and made the assessments in accordance with the benefits received by each of prosecutor's properties. The evidence was conflicting as to the extent of the benefits. The court found each property obtained special benefits in the opening of the new street.
In the Gorab case the assessment was set aside on the ground that it was not based on a present benefit in that no lots had been laid out on prosecutor's property nor had any street been projected through it along the line of the sewer or otherwise. Further, it appeared from the testimony "that building lots and houses would be impracticable." Clearly, prosecutor's property there received no present benefit.
In the instant case the new sewer in East Oak Avenue, in respect to appellant's property, meets all the requirements of a legally assessable benefit. The sewer has been constructed and is ready for immediate use. Appellant may connect her property to the sewer at any time.
There is a grave question in my mind that appellant has an absolute right to a continuous use of the sewer line across the Pyle and Walker properties. Each party contends for and against the appellant's right to a continuous user. It is unnecessary to determine that question at this time, but it is sufficient to say that her right to a continuous user is not clear. Moreover, even if it were clear, it appears that the construction of the new sewer in East Oak Avenue, affording *Page 538 
a connection with it direct from appellant's property, located wholly upon her land, under her sole control and used only by her own dwelling, would enhance the value of appellant's property at least in the amount of the assessment. The fact that appellant has no present actual need of the new sewer, because of the sewer connection of her property with the lines of Pyle and Walker, does not denote that her property has not received apresent benefit from the new sewer.
Stockwell, an expert in real estate matters, called by respondents and whose qualifications were admitted, testified that appellant's property, in his opinion, derived a benefit which he estimated at $500 by the construction of the sewer. He based his opinion on the ground that the existence of the new sewer on East Oak Avenue adds actual present value to appellant's property, not only because it offers a superior facility, from an operational viewpoint, as compared with the use of a connection with the service line of other property owners, but also because it affords security from the hazards to the legally precarious status of the service line which appellant is now using; further, that the value of the property would be enhanced in the amount mentioned above even if the legal uncertainties with respect to appellant's right to use the sewer line across the Pyle and Walker premises were eliminated. He testified he knew of instances where serious difficulties had arisen by reason of the fact that the sewer connection of a property was located, in part, on lands of others. His testimony was uncontroverted and appellant produced no witnesses conversant with real estate matters.
I therefore find that the construction of the sewer in East Oak Avenue is an added asset to appellant's property; that her property has received a "peculiar benefit, advantage or increase in value" to the full extent of the assessment. See Morris v.City of Bayonne, 53 N.J.L. 299 (Sup. Ct. 1891); Frevert v.City of Bayonne, 63 N.J.L. 202 (Sup. Ct. 1899); LehighValley R. Co. v. Jersey City, 81 N.J.L. 290 (Sup. Ct. 1911);Wilson v. Cincinnati, 5 Ohio N.P. 68; Park EcclesiasticalSociety v. City of Hartford, 47 Conn. 89.
The assessment should stand and the appeal is dismissed. *Page 539