18 N.J. Super. 357 (1952)
87 A.2d 344
IN THE MATTER OF THE APPEAL OF PUBLIC SERVICE ELECTRIC AND GAS COMPANY FROM AN ASSESSMENT FOR BENEFITS LEVIED BY THE CITY OF CLIFTON UPON BLOCK 334, LOT 75.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1952.
Decided March 12, 1952.
*361 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Henry J. Sorenson argued the cause for the Public Service Electric and Gas Company (Mr. Joseph V. Suter, attorney).
Mr. John G. Dluhy argued the cause for the City of Clifton.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The City of Clifton, New Jersey (hereinafter referred to as the "city"), appeals from the adverse judgment of the Superior Court, Law Division, setting aside an assessment for benefits to land and premises of the Public Service Electric and Gas Company (hereinafter referred to as the "company"), by reason of the construction and installation of sanitary sewer lines adjacent thereto.
The official court reporter having died, the trial judge prepared a statement of evidence pursuant to Rule 1:2-22, from which it appears that the company owns a tract of land on the northerly side of Mt. Prospect Avenue, with a frontage thereon of 716.73 feet, on the easterly corner of which is erected a building, used in conjunction with the company's utility service, and presently connected to a sanitary sewer constructed approximately 23 years ago; that the remaining portion of the land in question, approximately nine acres, is occupied by outdoor electrical apparatus, equipment, wires, and their appurtenances, all set upon or in the ground, and *362 that no tees or sewerage connections were installed by the city in the new sewer extension in front of the company's property on Mt. Prospect Avenue.
The city, by ordinance, authorized and completed the construction of a sanitary sewer for an additional distance of approximately 2,700 feet on Mt. Prospect Avenue from the terminus of the then existing sewer. Whereupon, the board of assessors made assessments for benefits against the abutting property owners. The company instituted a proceeding before the Superior Court, Law Division, on notice, pursuant to R.S. 40:56-54, to test the validity of the assessment, contending that no benefit accrued to its property for which an assessment could be made.
The city contends that the trial court erred in not according due recognition to the statutory presumption of validity to the assessment in the absence of proof to the contrary, arguing that the assessor's report should have been conclusive upon the trial court; that the company's premises are presently benefited; that the facilities are immediately available to the land and that the assessment was valid even though the land owner did not use the improvement available to it.
The company contends that it received no present benefit from the sewer extension and, therefore, no assessment should have been made; that the benefits, if any, are not present, but speculative; that its lands were connected with an existing sewer prior to the extension in question and that the value of its land has not been enhanced.
The assessment about which this issue revolves was levied pursuant to R.S. 40:56-27, which provides, inter alia:
"All assessments levied under this chapter for any local improvement shall in each case be as nearly as may be in proportion to and not in excess of the peculiar benefit, advantage or increase in value which the respective lots and parcels of real estate shall be deemed to receive by reason of such improvement."
Local assessments or special taxes for the payment of the cost of certain kinds of public improvements commonly *363 prevail and are generally sustained under the exercise of the power of taxation. But they have no relation to the exercise of the power of eminent domain, and hence constitutional provisions respecting this right have no application. They differ also from general taxes, since they are not a tax at all in the constitutional sense or as taxes are generally understood, although it has been said that "assessments for local improvements form an important part of the system of taxation." Assessments as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements, which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived therefrom. 14 McQuillin, Municipal Corporations (3d ed.), sec. 38.01, pp. 11-15. The foundation of the power to lay a special assessment or a special tax for a local improvement of any character, whether it be opening, improving or paving a street or sidewalk or constructing a sewer, or cleaning or sprinkling a street, is the benefit which the object of the assessment or tax confers on the owner of the abutting property, or the owners of property in the assessment or special taxation district, which is different from the general benefit which the owners enjoy in common with the other inhabitants or citizens of the municipal corporation. Accordingly, it is now well settled in most jurisdictions that adjacent property may be specially assessed to defray, in whole or in part, the cost of local improvements by which such property is especially benefited. That doctrine, as stated, is based for its final reason on enhancement of values. That is to say, the whole theory of local taxation or assessments is that the improvements for which they are levied afford a remuneration in the way of benefits. Whether the property has been specially benefited by an improvement is generally regarded a question of fact, depending on the circumstances in each case, for the determination of the proper tribunal. The broad question is whether the general value of the property has been enhanced, *364 not whether its present owner receives advantage. McQuillin, supra.
In considering the question posed here, we start out with the settled rule that "* * * All assessments for local improvements shall be presumed to have been regularly assessed and confirmed and every assessment or proceeding preliminary thereto shall be presumed to have been regularly made or conducted until the contrary be shown." R.S. 40:56-33. The record reveals that the city board of assessors did "certify and report that the said estimates and assessments made upon said lots or parcels of lands and real estate, and which are more particularly set forth and specified on the maps, surveys and schedules hereto annexed, are, in each case, in proportion as near as may be, to such an amount as is equal to the amount of benefits actually, peculiarly and specially acquired by the lands and real estate bordering on said portion of said street, and that in no case has any property, or owner thereof, been assessed beyond the amount actually, peculiarly and specially derived from said improvement." In determining whether property has been benefited, the question is whether the market value of the property has been increased by the improvement and it is not confined to benefits conferred for the particular use it is being devoted to at the time. In the absence of other proof, the commissioners' report is conclusive on the question of benefits. State, N.J. Midland R.R. Co., pros., v. Jersey City, 42 N.J.L. 97 (Sup. Ct. 1880). The burden of overcoming the presumption of validity is cast upon the owner and it must be by clear and cogent proof. Morris v. Bayonne, 53 N.J.L. 299 (Sup. Ct. 1891); Ringer v. Paterson, 98 N.J.L. 455 (E. & A. 1923); Gorab v. Wood-Ridge, 133 N.J.L. 162 (Sup. Ct. 1945). Here, so far as we can ascertain from the trial court's statement of the facts, the only evidence offered by the company pertained to the present usage of its premises and the use and benefit of sewerage facilities theretofore provided at the northeasterly corner of its property. The company asks us to deduce from its *365 proof that the presumption of the validity of the assessment was overcome and that its present usage, together with the present sewer facilities it enjoys, negatives the presumption that the value of its land alone on which the sewer line has been laid, has not enhanced in value. We fail to see the force of this argument. "Benefit" is the increment of value to land affected by improvement. It represents the difference between the market value of the lands before the improvement and the market value of the land immediately after the improvement. Having due regard for the limitation that a local improvement assessment is merely a charge against specific property benefited and that any cost beyond that measure must be imposed on the public at large, the action of commissioners in making assessments should be sustained "unless very convincing evidence be adduced against it." Jelliff v. Newark, 48 N.J.L. 101 (Sup. Ct. 1886). A report submitted by the commissioners is prima facie evidence of the facts recited therein, inter alia, that the assessment made is just and fair and not in excess of the actual benefits. State, Hunt, pros., v. Rahway, 39 N.J.L. 646 (Sup. Ct. 1877); Raymond v. Rutherford, 55 N.J.L. 441 (Sup. Ct. 1893); Worth v. Westfield, 81 N.J.L. 301 (Sup. Ct. 1911); Graham v. Ocean City, 98 N.J.L. 426 (Sup. Ct. 1923). The burden rests upon the appellant to overcome this evidence. Here, the appellant has failed to do so. The fact that the company has no present actual need of the new sewer, because of the present sewer connection of its property, does not denote that its property has not received a present benefit from the new sewer. Beazley v. Twp. of Moorestown, 3 N.J. Super. 535 (Law Div. 1949). The test is whether the improvement has enhanced the market value of the company's property, the proceeding being against the property and the benefits or the increased value of the property by the improvement. State, Kellogg, pros., v. Elizabeth, 40 N.J.L. 274, 276 (Sup. Ct. 1878); Barkman v. Hackensack, 114 N.J.L. 506 (Sup. Ct. 1935); Beazley v. Twp. of Moorestown, supra; Gaylord v. Sanitary Dist. of Chicago, *366 204 Ill. 576, 68 N.E. 522 (Sup. Ct. 1903); Chicago Union Traction Co. v. City of Chicago, 207 Ill. 607, 69 N.E. 803 (Sup. Ct. 1904); Chicago Union Traction Co. v. City of Chicago, 215 Ill. 410, 74 N.E. 449 (Sup. Ct. 1905).
The fundamental rule is to regulate the assessment in accordance with any use to which the property can legitimately be put. Wilson v. Ocean City, 11 N.J. Misc. 325 (Sup. Ct. 1933), affirmed 112 N.J.L. 97 (E. & A. 1934). Where the property may be converted to any new use, it is difficult to consider upon what principle an exception can be made as to the rule regarding only the market value. "After the owner has escaped what would otherwise be a just burden, on the ground that he does not intend to use the property in a way which will make the improvement beneficial, he may change his mind, throw the property into the market, and realize advantages for which others have been made to pay." State Protestant Foster Home Society, pros., v. Mayor, &c., of Newark, 35 N.J.L. 157, 167 (Sup. Ct. 1871).
The company attempts to rationalize its situation as being similar to certain exemptions granted to railroads. However, in that class of cases, exemption from assessment for improvements has been restricted to property in legal contemplation used for railroad purposes, i.e., road beds and the like, and it has been held that property of railroad companies used for roundhouses, warehouses and shops, terminals, yards and station grounds, depots, and lands held for future use, are properly subjected to assessment for improvements. Morris & E.R. Co. v. Jersey City, 65 N.J.L. 683 (E. & A. 1900), affirming, 64 N.J.L. 148 (Sup. Ct. 1899); New Jersey & H.R. Railway & Ferry Co. v. Hackensack Improvement Commission, 8 N.J. Misc. 390 (Sup. Ct. 1930). Under this rule, the company in the matter sub judice is not entitled to any greater exemption. In upholding the assessment in the case of State, N.J. Midland R.R. Co., pros., v. Jersey City, supra, Mr. Justice Knapp, speaking for the Supreme Court, stated:
*367 "But, having reached the conclusion that the property is legally subject to assessment, and the proceedings of the commissioners appearing to be quite regular, we need not speculate upon the ground of benefit which they discovered and valued. Their report is the only proof before us of the fact of benefit actually conferred, and of its amount and value. In the absence of other proof, the report is conclusive upon us as to those matters."
The company argues that by virtue of the provisions of R.S. 48:3-7 its right of alienation is restricted. However, we think that, if the company desired to abandon its present location and relocate its present facilities or, if, through some changes, modifications and additions in facilities and methods of operation to keep pace with technological advancement and economical methods of operation, that portion of its property made subject to the assessment became useless to it, its right of sale thereof could not be reasonably jeopardized by the statute on which it relies.
We reach the conclusion that the company has not overcome the presumption of the validity of the assessment in question. The judgment is, therefore, reversed and we direct that judgment affirming the assessment be entered.