32 N.J. Super. 546 (1954)
108 A.2d 859
CATHERINE SAHL AND FRANK SAHL, PLAINTIFFS-APPELLANTS,
v.
THE TOWNSHIP OF WEST DEPTFORD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, LOCATED IN GLOUCESTER COUNTY, AND LAURA M. HERITAGE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided October 29, 1954.
*547 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Frank Sahl argued the cause for appellants (Mr. Daniel W. Beckley, of counsel).
Mr. James B. Avis argued the cause for respondents.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Counsel agree that the sole issue on this appeal is one of fact: Did plaintiffs' property receive any peculiar benefit, advantage or increase in value by reason of defendant township's laying of a water main in and along Hess Avenue adjoining the property. The Law Division decided a direct benefit did accrue to the property and that the township had the right to assess a due proportion of the cost of the water main against the property by reason of that benefit. Plaintiffs appeal from the consequent judgment.
Plaintiffs own three building lots at the corner of Hess Avenue at Tatum Street, West Deptford Township, upon which they erected a dwelling house and garage in 1948. Their *548 home fronts on Tatum Street, whose center line divides the township from the City of Woodbury. At the time the home was built, plaintiffs installed their own three-quarter-inch water line connecting the dwelling with the Woodbury six-inch water main. This private line runs southeastwardly from the residence, across Tatum Street to the main in Hess Avenue, so that it lies partly in the township and partly in the City of Woodbury. Plaintiffs are still drawing their water from this source. At the time this connection was made, the township had no water system or mains from which plaintiffs could have secured water.
Pursuant to an ordinance passed by the township governing body providing for the laying of water mains in and along certain streets and highways of the township as a local improvement, the cost thereof to be assessed to the properties benefited thereby, a six-inch water main was laid in Hess Avenue and for a short distance at right angles into Tatum Street, so that it adjoined plaintiffs' property along the full depth of the three lots and along part of their frontage. Subsequently an assessment in the amount of $851.89 (plaintiffs claim the correct figure to be $637.09) was made against plaintiffs' property for benefits alleged to have accrued thereto by reason of the improvement. The assessment was thereafter confirmed by the township governing body. Plaintiffs do not attack the ordinance, the report of the assessor or the resolution confirming the assessment. They claim, simply, that their property never received any peculiar benefit, advantage or increase by reason of the improvement.
N.J.S.A. 40:56-27 provides:
"All assessments levied under this chapter for any local improvement shall in each case be as nearly as may be in proportion to and not in excess of the peculiar benefit, advantage or increase in value which the respective lots and parcels of real estate shall be deemed to receive by reason of such improvement."
The special and peculiar benefit which legalizes an assessment for local improvements must be a present benefit immediately accruing from the construction of the work, the *549 test being the influence of the improvement on the present market value of the property. Landowners cannot be assessed for intended benefits which may never be realized; mere speculative benefits are not, in reality, benefits. Defendant township agrees with these propositions as stated by plaintiffs, but alleges that the benefit to plaintiffs' property was a present one and came into being immediately upon the completion of the improvement.
The gist of plaintiffs' argument is that they have a present and adequate supply of water by reason of the three-quarter-inch line connecting their property to the Woodbury main, and hence no benefit ever accrued from the installation of the township main. The question is not whether plaintiffs have any present use for the improvement, but whether the installation of the township main, available to their property and running the full length thereof, did not confer a present benefit on the property. This court, in the case of In re Public Service Electric & Gas Co., 18 N.J. Super. 357 (App. Div. 1952), held that even though a property does not presently use the improvement, it is still subject to assessment if benefited. And see Beazley v. Moorestown Township, 3 N.J. Super. 535, 538 (Law Div. 1949).
Plaintiffs presented two real estate brokers as witnesses who testified that the Sahl property received no peculiar benefit, advantage or increase in value by reason of the improvement. The testimony of the township's two real estate brokers was exactly to the contrary; they testified that the property had an increased marketability because of the municipal water service made available by the new main, and that plaintiffs' property, taken as a unit, had immediately benefited to the extent of $1,000 by reason of the improvement.
Plaintiffs have no agreement of any kind with the City of Woodbury regarding their three-quarter-inch private line. They enjoy a mere license; their right to maintain that water line is always subject to Woodbury's discontinuance of water service. Additionally, now that it has installed its own water system, defendant municipality may enjoin plaintiffs' use of *550 their water line under the provisions of R.S. 40:62-48 which provides:
"No person within the limits of any such municipality [operating a public water supply for use within its limits] shall obtain water by means of pipes or conduits from any source outside the limits of the municipality for use or consumption therein, without the consent of said board or authority."
Plaintiffs are in somewhat the same position as the plaintiff in Beazley v. Moorestown Township, above, whose sewer line extended from the rear of her dwelling and ran through adjacent properties to a lateral sewer in another street parallel to the avenue on which plaintiff lived. The Law Division judge there held that plaintiff's right to a continuous user of the sewer line across the adjacent properties was not clear, but even if it were clear, the construction of the new sewer in her avenue, affording a direct connection from her property and located wholly upon her land, under her sole control and used only by her own dwelling, would enhance the value of her property at least in the amount of the assessment. The fact that plaintiff there had no present actual need for the new sewer was of no moment, the court finding that the construction of the sewer was an added asset to her property which had received a peculiar benefit, advantage or increase in value to the full extent of the assessment. So here.
Consideration should also be given to the fact that should plaintiffs' present three-quarter-inch line deteriorate or burst, so as to require repair or replacement, plaintiffs would in such event be responsible for the cost of tearing up the street (permission of the township and the City of Woodbury first being had) and repairing or replacing the pipe. Were their property connected to the new water main in Hess Avenue, the township would be responsible for any defect or replacement from the curb line out to the main.
We agree with the township's witnesses and with the trial division judge that plaintiffs' property received an immediate peculiar benefit, advantage or increase in value by reason of the improvement. Any purchaser, informed of the questionable right of plaintiffs to maintain their private connection *551 to the Woodbury main and realizing that the cost of repairing or replacing such line would be on the owner of the property in question, would offer more for plaintiffs' property because of the presence of the township main in Hess Avenue. That was the testimony of defendant's witnesses and, as noted, they fixed the amount of the immediate benefit brought about by the installation of the township main at $1,000.
The judgment is affirmed.