JOHN R. BROCK AND NORMA J. LAVINDER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED *v.* HERMAN G. P. LEMKE, ET AL.

No. 4775.

MAY 19, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE KING ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

By Resolution No. 415, adopted on November 7, 1967, the council of the City and County of Honolulu created

Improvement District No. 202, for the improvement and extension of Keolu Drive, Kailua, Oahu, from the vicinity of the existing shopping center to the realigned Kalanianaole Highway, and provided for the payment of the costs of the proposed improvements partly by the government and partly by assessments against abutting lands.

At the time of the adoption of the resolution, Keolu Drive was a dead-end street terminating approximately 0.8 mile southwesterly of the shopping center and approximately 0.4 mile northeasterly of the realigned Kalanianaole Highway.

The resolution divided the improvement district into two zones, designated as Zone 1 and Zone 2. Zone 1 encompassed an area extending from the vicinity of the shopping center to the dead-end of Keolu Drive; and Zone 2 covered an area between the dead-end and the realigned Kalanianaole Highway. Zone 1 had some pre-existing improvements. Zone 2 was without any improvement.

This case is concerned with Zone 1 only, and not at all with Zone 2. Zone 1 contains 91 assessment lots, all abutting Keolu Drive, of which 85 are residential lots, 4 are business lots, and 2 are lots owned by religious organizations and used for church purposes.

Soon after the adoption of the resolution, John R. Brock and Norma J. Lavinder, who are owners of two of the residential lots in Zone 1, for themselves and all others similarly situated, brought an action in the first circuit court against the City and County of Honolulu, its councilmen and chief engineer, to have the assessments in Zone 1 declared invalid, on the ground that they were arbitrary, discriminatory and contrary to law. The circuit court rejected appellants' contention, and dismissed the action. This appeal is from the judgment of dismissal.

Resolution No. 415 was adopted pursuant to Revised Ordinances of Honolulu 1961, chapter 24, as amended.

That chapter sets forth the procedure for the creation of an improvement district, and empowers the council to determine the part or proportion of the costs of the proposed improvements to be borne by the city and county, the part or proportion of such costs to be assessed against benefited lands, and the extent of the area or frontage of the lands to be assessed.

Appellants do not question the validity of any of the provisions of the chapter. They say that, in this case, the council did not follow the ordinance; that, under the ordinance, the council must make a finding of special benefits as a prerequisite to assessments and the finding must be based on appraisal, survey, or other independent consideration; that, here, the council did not make the necessary finding of special benefits on any valid basis, and determined the lands to be assessed and the amounts of assessments upon mechanical and simplistic application of a previously adopted formula; that, in so doing, the council acted in an arbitrary and discriminatory manner; and that, furthermore, the lands proposed to be assessed already have the benefit of existing improvements, and do not, in fact, derive any benefit from the contemplated improvements.

True, assessments for local improvements must be based on special benefits to assessed lands. But there is nothing in the ordinance which requires the council to make a finding of special benefits by appraisal, survey, or any other specific method. Where a municipal legislative body, which is empowered to create improvement districts, determines to assess private lands, a finding of special benefits to the assessed lands is presumed. *Persinger* v. *Sioux City,* 257 Iowa 727, 133 N.W.2d 110 (1965). Such determination is conclusive, and may not be disturbed on judicial review, unless it is palpably arbitrary, grossly unjust, and confiscatory. *Schnack* v. *City and County,*

41 Haw. 219 (1955). The burden is on the complaining landowners to establish facts which would warrant court interference. *Stanley* v. *City of Salem,* 247 Ore. 60, 427 P.2d 406 (1967).

Special benefits to assessed lands must be pecuniary benefits which increase their value. *Schnack* v. *City and County, supra.* Here, appellants did not adduce any evidence to show that the value of the assessed lands would not be enhanced by the proposed improvements. They merely showed that the proposed improvements would make Keolu Drive a through street and that the assessed lands were already provided with road and other facilities to meet their needs, and made a general statement that the improvements would be of benefit to the general public but not to them.

The fact that improvements benefit the public generally does not preclude a finding of special benefits. *Stanley* v. *City of Salem, supra.* Nor does the fact that there are existing improvements which meet the needs of the lands served thereby. *Beazley* v. *Moorestown TP.,* 3 N.J. Super. 535, 67 A.2d 334 (1949); *Hopkins* v. *Metropolitan Dist.,* 115 Conn. 519, 161 A. 848 (1932).

We agree with the following statement in *Stanley* v. *City of Salem, supra:*

> "Specific evidence of the value of the affected property before and after the improvement is frequently used to support the contention that there was or was not special benefit conferred. * * * This is not essential, but may be more convincing than general statements that the improvement has, or has not, enhanced the value of the properties. In this case none of the parties put on such evidence; however, as the burden is on the plaintiffs, such deficit does not damage the city's position."

There, as here, the affected property owners made

general statements that the improvements, except for sidewalks, did not in any way benefit their property, but, in fact, were detrimental.

With reference to appellants' statement that the assessments here were determined upon slavish application of a pre-existing formula, the fact is that it simply is not so. The formula is contained in Resolution No. 119, adopted by the council on April 10, 1962. We need not go into the details of the formula, for the circuit court found that the council "took into consideration the special benefits arising from the proposed improvements," and we are satisfied that the finding is amply supported by the record.

The proposed improvements consisted of widening Keolu Drive to right-of-way width of 60 feet and pavement width of 40 feet; constructing gutters, sidewalks, driveway aprons, curbing, and sewer laterals; supplementing and adjusting the existing storm drainage system and water system; and upgrading the street lighting system.

Resolution No. 119 called for payment by the city and county of one-third of the cost of pavement up to a width of 40 feet, but here, in view of the fact that Keolu Drive had previously been paved to a width of 22 feet, the city and county assumed all costs of repaving the previously paved area. With respect to driveway aprons, curbing, and sewer laterals, assessments were made only against lots not already provided with such improvements.

Affirmed.

*Eichi Oki* for plaintiffs-appellants.

*Wendell K. Kimura,* Deputy Corporation Counsel, City and County of Honolulu (*Stanley Ling,* Corporation Counsel, with him on the brief), for defendants-appellees.